# 11 CIV 8345



**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli (JF 9058)
Brian S. Schaffer (BS 7548)
Eric J. Gitig (EG 7399)
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AHMED CHHAB on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>DARDEN RESTAURANTS, INC., GMRI, INC., CAPITAL GRILLE HOLDINGS, INC. d/b/a THE CAPITAL GRILLE, and RARE HOSPITALITY INTERNATIONAL, INC.,<br><br>Defendants. | **CLASS ACTION COMPLAINT** |

Plaintiff Ahmed Chhab ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.      This lawsuit seeks to recover minimum wages, overtime compensation, spread-of-hours pay, misappropriated gratuities, uniform-related expenses, and other wages for Plaintiff and his similarly situated co-workers – waiters, bussers, runners, bartenders, barbacks, and other tipped, hourly food service workers – who work or have worked at The Capital Grille Restaurants nationwide (collectively, the "Capital Grille").

2.      The Capital Grille restaurants are owned, operated and controlled by Darden Restaurants, Inc., GMRI, Inc., Capital Grille Holdings, Inc. d/b/a The Capital Grille, and RARE

Hospitality International, Inc., (collectively "Defendants").  Under the vast corporate umbrella of Darden Restaurants, Inc., GMRI, Inc., is a direct subsidiary, while RARE Hospitality International, Inc., and Capital Grille Holdings, Inc., d/b/a The Capital Grille are subsidiaries of GMRI, Inc.

3.   The Capital Grille Restaurants have been reviewed in numerous printed and online restaurant guides, including The Boston Globe, Miami Today, and The New York Times. Defendants operate over forty Capital Grille Restaurants nationwide and, over one thousand well known chain restaurants nationwide including Red Lobster, Olive Garden, Bahama Breeze, and Longhorn Steakhouse. In 2011, Defendant Darden Restaurants, Inc. reported $7.11 billion in sales.

4.   Plaintiff brings this action on behalf of himself and similarly situated current and former tipped, hourly food service workers who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and other similarly situated employees of their lawfully earned wages.

5.   Plaintiff also brings this action on behalf of himself and all similarly situated current and former tipped, hourly food service workers pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

## THE PARTIES

### Plaintiffs

#### Ahmed Chhab

6.   Plaintiff Ahmed Chhab ("Chhab") is an adult individual who is a resident of Woodside, New York.

7.   At all times relevant, Chhab was employed by Defendants as a server at Capital Grille from in or around 1998 to November 15, 2011.

8.      From in or around 1998 to in or around 2005, Chhab worked at the Capital Grille Restaurant located 900 Boylston Street, Boston, Massachusetts 02115.

9.      From in or around 2005 to in or around March 2007, Chhab worked at the Capital Grille Restaurant located at 2223 North West Shore Boulevard, Tampa, Florida 33607.

10.     From in or around April 2007 to November 15, 2011, Chhab worked at the Capital Grille located at 155 East 42nd Street, New York, New York 10017.

11.     In or around 2008, Chhab worked at the Capital Grille located at 120 Broadway, New York, New York 10271, as well as the 42nd Street location.

12.     Chhab is a covered employee within the meaning of the FLSA and the NYLL.

13.     A written consent form for Chhab is being filed with this Class Action Complaint.

**Defendants**

14.     Defendants Darden Restaurants, Inc., GMRI, Inc., Capital Grille Holdings, Inc. d/b/a The Capital Grille, and RARE Hospitality International, Inc. (collectively "Defendants") jointly employed Plaintiff and similarly situated employees at all times relevant.  Each Defendant has had substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleged herein.

15.     Upon information and belief, Defendants are part of a single integrated enterprise that jointly employed Plaintiff and similarly situated employees at all times relevant.

16.     Upon information and belief, Defendant's operations are interrelated and unified.

17.     Upon information and belief, during all relevant times, the Capital Grille shared a common management and were centrally controlled and/or owned by Defendants.

**Darden Restaurants, Inc.**

18.     Together with the other Defendants, Darden Restaurants, Inc. has owned and/or operated the Capital Grille Restaurants during the relevant period.

19.     Darden Restaurants, Inc. is the holding company which controls and operates Defendant GMRI, Inc.

20.     Darden Restaurants, Inc. is organized and exiting under the laws of Florida.

21.     Upon information and belief, Darden Restaurants, Inc.'s principal executive office is located at 1000 Darden Center Dr. Orlando, Florida 32837.

22.     Darden Restaurants, Inc. is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

23.     At all relevant times, Darden Restaurants, Inc. maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

24.     Upon information and belief, Darden Restaurants, Inc. applies the same employment policies, practices, and procedures to all tipped, hourly food service workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, uniform maintenance, and customer tips.

25.     Upon information and belief, at all relevant times Darden Restaurants, Inc.'s annual gross volume of sales made or business done was not less than $500,000.00.

**GMRI, Inc.**

26.     Together with the other Defendants, GMRI, Inc. has owned and/or operated the Capital Grille during the relevant period.

27.     GMRI, Inc. is a foreign business corporation organized and existing under the laws of Florida.

28.     GMRI, Inc.'s principal executive office is located at 1000 Darden Center Dr., Orlando, Florida, 32837.

29.     GMRI, Inc. is a covered employer within the meaning of the FLSA and the NYLL,

and, at all times relevant, employed Plaintiff and similarly situated employees.

30.     At all relevant times, GMRI, Inc. maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

31.     Upon information and belief, GMRI, Inc. applies the same employment policies, practices, and procedures to all tipped, hourly food service workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, uniform maintenance, and customer tips.

32.     Upon information and belief, at all relevant times, GMRI, Inc.'s annual gross volume of sales made or business done was not less than $500,000.00.

**Capital Grille Holdings, Inc. d/b/a The Capital Grille**

33.     Together with the other Defendants, Capital Grille Holdings, Inc. d/b/a The Capital Grille has owned and/or operated the Capital Grille Restaurants during the relevant period.

34.     Capital Grille Holdings, Inc. d/b/a The Capital Grille is a foreign business corporation organized and existing under the laws of North Carolina.

35.     Capital Grille Holdings, Inc. d/b/a The Capital Grille's principal executive office is located at 1000 Darden Center Dr., Orlando, Florida, 32837.

36.     Capital Grille Holdings, Inc. d/b/a The Capital Grille is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

37.     At all relevant times, Capital Grille Holdings, Inc. d/b/a The Capital Grille maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

38.     Upon information and belief, Capital Grille Holdings, Inc. d/b/a The Capital Grille

applies the same employment policies, practices, and procedures to all tipped, hourly food service workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, uniform maintenance, and customer tips.

39.    Upon information and belief, at all relevant times, Capital Grille Holdings, Inc. d/b/a The Capital Grille's annual gross volume of sales made or business done was not less than $500,000.00.

**RARE Hospitality International, Inc.**

40.    Together with the other Defendants, RARE Hospitality International, Inc. has owned and/or operated the Capital Grille Restaurants during the relevant period.

41.    RARE Hospitality International, Inc. is a foreign business corporation organized and existing under the laws of Georgia.

42.    Upon information and belief, RARE Hospitality International, Inc.'s principal executive office is located at 5900 Lake Ellenor Drive, Orlando, Florida, 32809.

43.    RARE Hospitality International, Inc. is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

44.    At all relevant times, RARE Hospitality International, Inc. maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

45.    Upon information and belief, RARE Hospitality International, Inc. applies the same employment policies, practices, and procedures to all tipped, hourly food service workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, uniform maintenance, and customer tips.

46.     Upon information and belief, at all relevant times, RARE Hospitality International, Inc.'s annual gross volume of sales made or business done was not less than $500,000.00.

## JURISDICTION AND VENUE

47.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

48.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

49.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

50.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

51.     Plaintiff brings the First and Second Causes of Action, FLSA claims, on behalf of himself and all similarly situated persons who have worked as tipped, hourly food service workers at the Capital Grille Restaurants nationwide, who elect to opt-in to this action (the "FLSA Collective").

52.     Consistent with Defendants policy and pattern or practice, Plaintiff and the FLSA Collective were not paid minimum wages for all hours worked and premium overtime compensation for all hours worked beyond 40 per workweek.

53.     All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

54.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

(a)     willfully failing to pay its employees, including Plaintiff and the FLSA Collective, minimum wages for all hours worked and premium overtime wages for hours that they worked in excess of 40 hours per workweek; and

(b)     willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendants.

55.     Defendants' unlawful conduct, as described in this Class Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to record the hours employees work.

56.     Defendants are aware or should have been aware that federal law required them to pay employees minimum wage for all of the hours they worked.

57.     Defendants are aware or should have been aware that federal law required them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

58.     Plaintiff and the FLSA Collective perform or performed the same primary duties.

59.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

## CLASS ACTION ALLEGATIONS

60.     Plaintiff brings the Third, Fourth, Fifth, Sixth, and Seventh Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as tipped, hourly food service workers and similar employees at the Capital Grille Restaurants in New York between November 17, 2005 and the date of final judgment in this matter (the "Rule 23 Class").

61.     Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the

class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

62.     The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.

63.     Upon information and belief, the size of the Rule 23 Class is at least 50 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

64.     Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

65.     Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)     whether Defendants violated NYLL Articles 6 and 19, and the supporting New York State Department of Labor regulations;

(b)     whether Defendants failed to pay Plaintiff and the Rule 23 Class minimum wages for all of the hours they worked;

(c)     whether Defendants correctly compensated Plaintiff and the Rule 23 Class for hours worked in excess of 40 hours per workweek;

(d)     whether Defendants failed to provide Plaintiff and the Rule 23 Class spread-of-hours pay;

(e)     whether Defendants misappropriated tips and/or service charges from Plaintiff and the Rule 23 Class by demanding, handling, pooling, counting, distributing, accepting, and/or retaining tips and/or service charges paid by customers that were intended for Plaintiff and the Rule 23 Class, and which customers reasonably believed to be gratuities for Plaintiff and the Rule 23 Class;

(f)     whether Defendants distributed or retained a portion of the tips paid by customers to workers who are not entitled to receive tips under the NYLL;

(g)     whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Rule 23 Class, and other records required by the NYLL;

(h)     whether Defendants failed to furnish Plaintiff and the Rule 23 Class with an accurate statement of wages, hours worked, rates paid, gross wages, and the claimed tip allowance as required by the NYLL;

(c)     whether Defendants failed to pay Plaintiff and the Rule 23 Class for uniform-related expenses;

(i)     whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(j)     the nature and extent of class-wide injury and the measure of damages for those injuries.

66.     The claims of Plaintiff are typical of the claims of the Rule 23 Class they seek to represent. Plaintiff and all of the Rule 23 Class members work, or have worked, for Defendants as tipped, hourly food service workers at the Capital Grille Restaurant in New York. Plaintiff and the Rule 23 Class members enjoy the same statutory rights under the NYLL, including to be paid for all hours worked, to be paid overtime wages, to be paid spread-of-hours pay, and to retain customer tips. Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. Plaintiff and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

67.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class. Plaintiff understands that as class representative, he assumes a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiff recognizes that as class representative, he must represent and consider the interests of the class just as he would represent and consider his own interests. Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor their own interests over the class.

Plaintiff recognizes that any resolution of a class action must be in the best interest of the class. Plaintiff understands that in order to provide adequate representation, he must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial. Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Plaintiff and the Rule 23 members.

68.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual Plaintiffs lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

69.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## PLAINTIFF'S FACTUAL ALLEGATIONS

70.     Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Ahmed Chhab**

71.     Defendants did not pay Chhab the proper minimum wages, overtime wages, and spread-of-hours pay for all of the time that he was suffered or permitted to work each workweek.

72.     Throughout the duration of his employment at the Capital Grille, Chhab received weekly paychecks from Defendants that did not properly record or compensate Chhab for the actual hours he worked.

73.     Defendants required Chhab to arrive at work 15 minutes before his shift started in order to dress for his shift. Defendants referred to this as the "pre-shift" period and did not compensate Chhab for this time.

74.     In an effort to avoid paying overtime, Defendants would require Chhab to punch out of his shift early then return to work off the clock to finish his shift. Defendants did not pay Chhab for the work he performed between punching out and the end of his shift.

75.     Defendants repeatedly suffered or permitted Chhab to work over 40 hours per week as a server.

76.     Defendants did not pay Chhab spread-of-hours pay for all of the times that he worked in excess of 10 hours per day.

77.     Defendants did not allow Chhab to retain all of the tips and/or gratuities he earned.

78.     Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Chhab earned.

79.     Defendants imposed upon Chhab a tip redistribution scheme to which he never agreed.

80.     Upon information and belief, Defendants unlawfully redistributed part of Chhab's tips to employees in positions that are not entitled to tips under the FLSA and/or the NYLL.

81.     Customers were charged a mandatory 20 percent gratuity to host private parties and/or events at Capital Grille.  Though customers were lead to believe that this mandatory gratuity was intended for Chhab and similarly situated employees, Defendants retained a portion of the mandatory

gratuity and/or distributed a portion to employees who are not entitled to tips under the FLSA and/or the NYLL.

82.   Defendants required Chhab to maintain his uniform, a dark brown blazer embroidered with the restaurant's logo, without compensating him for said maintenance.

83.   Upon information and belief, Defendants did not keep accurate records of wages or tips earned, or of hours worked by Chhab.

### FIRST CAUSE OF ACTION
#### Fair Labor Standards Act – Minimum Wages
#### (Brought on behalf of Plaintiff and the FLSA Collective)

84.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

85.   Defendants failed to pay Plaintiff and the members of the FLSA Collective the minimum wages to which they are entitled under the FLSA.

86.   Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

87.   At all times relevant, Plaintiff and the members of the FLSA Collective were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a), and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

88.   Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. § 203(m), and supporting federal regulations, including but not limited to 29 C.F.R. § 531.50 et seq., because Defendants failed to inform Plaintiff and the FLSA Collective of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m) and distributed a portion of their tips to workers who do not "customarily and regularly" receive tips.

89.     At all times relevant, Plaintiff and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

90.     At all times relevant, Defendants have been employers of Plaintiff and the members of the FLSA Collective, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

91.     Defendants were required to pay directly to Plaintiff and the members of the FLSA Collective the applicable federal minimum wage rate for all hours worked.

92.     Defendants did not inform Plaintiff and the members of the FLSA Collective of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m).

93.     Defendants did not permit Plaintiff and the members of the FLSA Collective to retain all of the tips they received.

94.     As a result of Defendants' violations of the FLSA, Plaintiffs and the members of the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

95.     Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the FLSA Collective.

96.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

97.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

98.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of the FLSA Collective.

99.     Defendants have failed to pay Plaintiff and the members of the FLSA Collective overtime wages for all of the hours that they worked in excess of 40 hours in a work week.

100.    As a result of Defendants' violations of the FLSA, Plaintiff and the members of the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

101.    Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the FLSA Collective.

102.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## THIRD CAUSE OF ACTION
### New York Labor Law Article 19 – Minimum Wage
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

103.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

104.    Defendants failed to pay Plaintiff and the members of the Rule 23 Class the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor regulations.

105.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

106.    At all times relevant, Plaintiff and the members of the Rule 23 Class have been employees of Defendants, and Defendants have been employers of Plaintiff and the members of the Rule 23 within the meaning of the NYLL §§ 190, 651(5), 652, and the supporting New York State Department of Labor Regulations.

107.    The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiff and the members of the Rule 23 Class.

108.    Defendants were required to pay Plaintiff and the members of the Rule 23 Class a minimum wage at a rate of (a) $6.00 per hour for all hours worked from October 25, 2005 through December 31, 2005; (b) $6.75 per hour for all hours worked from January 1, 2006 through December 31, 2006; (c) $7.15 per hour for all hours worked from January 1, 2007 through July 23, 2009; and (d) $7.25 per hour for all hours worked from July 24, 2009 through the present, under the NYLL § 652 and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. §§ 137-1.2 and 146-1.2.

109.    Defendants failed to post, in a conspicuous place in their establishments, notices issued by the Department of Labor summarizing minimum wage provisions, in violation of the NYLL and supporting New York State Department of Labor Regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. §§ 137-2.3 and 146-2.4.

110. Defendants failed to furnish with every payment of wages to Plaintiff and the members of the Rule 23 Class a statement listing hours worked, rates paid, gross wages, and tip allowance claimed as part of their minimum hourly wage rate, in violation of the NYLL and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. §§ 137-2.2 and 146-2.3.

111. Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff and the members of the Rule 23 Class, Defendants have willfully violated the NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. Part 137 and Part 146.

112. Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, as provided for by NYLL Article 6, § 198, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### New York Labor Law Article 19 – Unpaid Overtime
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

113. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

114. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiff and the members of the Rule 23 Class.

115. Defendants have failed to pay Plaintiff and the members of the Rule 23 Class overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

116.    Through their knowing or intentional failure to pay Plaintiff and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per week, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

117.    Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, as provided for by NYLL Article 6, § 198, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### New York Labor Law – Spread-of-Hours Pay
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

118.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

119.    Defendants have willfully failed to pay Plaintiff and the members of the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than 10 hours.

120.    By Defendants' failure to pay Plaintiff and the members of the Rule 23 Class spread-of-hours pay, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations.

121.    Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid spread-of-hours wages, liquidated damages, as provided for by NYLL Article 6, § 198,  reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### SIXTH CAUSE OF ACTION
#### New York Labor Law –Tip Misappropriation
#### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

122.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

123.    At all times relevant, Plaintiff and the members of the Rule 23 Class have been employees within the meaning of NYLL Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

124.    At all times relevant, each Defendant has been an employer within the meaning of the NYLL Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

125.    The wage payment provisions of Article 6 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiff and the members of the Rule 23 Class.

126.    Defendants unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by Plaintiff and the members of the Rule 23 Class in violation of NYLL Article 6, § 196-d and the supporting New York State Department of Labor Regulations.

127.    Defendants unlawfully retained part of the gratuities earned by Plaintiff and the members of the Rule 23 Class in violation of NYLL Article 6, § 196-d and the supporting New York State Department of Labor Regulations.

128.    Defendants required Plaintiff and the members of the Rule 23 Class to share part of the gratuities they received with employees other than waiters, servers, busboys, or similar employees, in violation of NYLL Article 6, § 196-d and the supporting New York State Department of Labor Regulations.

129.    By Defendants' knowing or intentional demand for, acceptance of, and/or retention of part of the gratuities received by Plaintiff and the members of the Rule 23 Class, Defendants

have willfully violated the NYLL Article 6, § 196-d and the supporting New York State Department of Labor Regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. §§ 137 *et seq.* and 146 *et seq.*, entitling Plaintiff and the members of the Rule 23 Class to the value of the misappropriated gratuities, liquidated damages, as provided for by NYLL Article 6, § 198, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SEVENTH CAUSE OF ACTION
### New York Labor Law – Uniform Violations
### (Brought on behalf of Plaintiff and the Rule 23 Class)

130.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

131.    Defendants failed to reimburse Plaintiff and the members of the Rule 23 Class for the cost of uniform maintenance in violation of NYLL Article 6, § 193 and the supporting New York State Department of Labor Regulations.

132.    Defendants failed to launder or maintain the required uniforms for Plaintiff and the members of the Rule 23 Class and failed to pay them the required weekly amount in addition to the required minimum wage.

133.    Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their the costs of purchasing and maintaining their uniforms, liquidated damages, as provided for by NYLL Article 6 § 198, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

A.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective

action, or that the Court issue such notice, to all tipped, hourly food service workers who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at the Capital Grille Restaurants nationwide.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid minimum wages, overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

E.      Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under the NYLL Article 6, §§ 190 *et seq.*, NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

F.      Unpaid minimum wages, overtime pay, spread-of-hours pay, misappropriated tips, uniform maintenance and other unpaid wages, and 100% liquidated damages permitted by law pursuant to the NYLL;

G.      Prejudgment and post-judgment interest;

H.      An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

I.      Reasonable attorneys' fees and costs of the action; and

J.      Such other relief as this Court shall deem just and proper.

Dated:     New York, New York
           November 17, 2011

                              Respectfully submitted,

                              Joseph A. Fitapelli (JF 9058)

                              **FITAPELLI & SCHAFFER, LLP**
                              Joseph A. Fitapelli (JF 9058)
                              Brian S. Schaffer (BS 7548)
                              Eric J. Gitig (EG 7399)
                              475 Park Avenue South, 12th Floor
                              New York, NY 10016
                              Telephone: (212) 300-0375

                              *Attorneys for Plaintiffs and*
                              *the Putative Class*

## FAIR LABOR STANDARDS ACT CONSENT

1.    I, consent to be a party plaintiff in the above-captioned lawsuit against Capital Grille and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. §216 (b).

2.    By signing and retuning this consent form, I hereby designate Fitapelli & Schaffer, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement.  I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.


Signature

Ahmed chlerb

Full Legal Name (Print)