| | | |
|---|---|---|
| **FITAPELLI & SCHAFFER, LLP** | **BERKE-WEISS & PECHMAN LLP** | **JOSEPH, HERZFELD, HESTER & KIRSCHENBAUM, LLP** |
| Joseph A. Fitapelli (JF 9058) | Louis Pechman (LP 6395) | D. Maimon Kirschenbaum (MK 2338) |
| Brian S. Schaffer (BS 7548) | N. Marely Mercado (NM 1783) | Matthew D. Kadushin (MK1968) |
| Eric J. Gitig (EG 7399) | 488 Madison Avenue | 233 Broadway |
| 475 Park Avenue South | 11th Floor | 5th Floor |
| 12th Floor | New York, New York 10022 | New York, New York 10279 |
| New York, NY 10016 | Telephone: (212) 583-9500 | Telephone: (212) 688-8640 |
| Telephone: (212) 300-0375 | | |

RECEIVED MAR 01 2012 U.S.D.C. S.D.N.Y. CASHIERS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **AHMED CHHAB, KATHRYN SHRADER, LANCE FELDHUN, MICHAEL RELLA, VINCENT ANTHONY BORELAND, and ADRIANNE BENZION** on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>**DARDEN RESTAURANTS, INC., GMRI, INC., CAPITAL GRILLE HOLDINGS, INC. d/b/a THE CAPITAL GRILLE, and RARE HOSPITALITY INTERNATIONAL, INC.,**<br><br>Defendants. | **11 Civ. 8345 (NRB) (JLC)**<br><br><br><br>**FIRST AMENDED CLASS ACTION COMPLAINT** |

Plaintiffs Ahmed Chhab, Kathryn Shrader, Lance Feldhun, Michael Rella, Vincent Anthony Boreland, and Adrianne Benzion (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves, and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.      This lawsuit seeks to recover minimum wages, overtime compensation, spread-of-hours pay, misappropriated tips, uniform-related expenses, and other wages for Plaintiffs and their similarly situated co-workers – servers, bussers, runners, bartenders, barbacks, server assistants, and other tipped,

hourly food service workers – who work or have worked at The Capital Grille Restaurants nationwide (collectively "Capital Grille").

2.      With over 40 locations nationwide, Capital Grille restaurants are known for their dry aged steaks and award-winning wine lists. Consistently, Capital Grille has received rave reviews from some of the best print media in the country, including The Boston Globe, Miami Today, and The New York Times.

3.      Darden Restaurants Inc. ("Darden") is the world's largest full service restaurant company. Information for all Darden restaurants can be found at www.Darden.com.  Along with the operation of over forty Capital Grille restaurants, Darden controls and operates over 1,900 well-known chain restaurants nationwide including Red Lobster, The Olive Garden, Bahama Breeze, and Longhorn Steakhouse, and employs over 180,000 employees. In 2011, Darden reported $7.11 billion in sales and was named one of the best 100 companies to work for by Fortune Magazine.

4.      At all Darden restaurants, employees can keep track of their taxes, tips, payroll deductions and average hours worked using the Darden information Super Highway or DiSH system.

5.      Capital Grille restaurants are owned, operated and controlled by Darden Restaurants, Inc., GMRI, Inc., Capital Grille Holdings, Inc. d/b/a The Capital Grille, and RARE Hospitality International, Inc., (collectively "Defendants").   Under the vast corporate umbrella of Darden Restaurants, Inc., GMRI, Inc. is a direct subsidiary, while RARE Hospitality International, Inc., and Capital Grille Holdings, Inc., d/b/a The Capital Grille are subsidiaries of GMRI, Inc.

6.      During, Plaintiffs employment as tipped employees, Defendants require Plaintiffs  to spend a substantial amount of time performing non-tip producing "side work" including, but not limited to, cleaning, sanitizing, and maintenance, as outlined in the Capital Grille Server Bartender

Handbook. As a result of this practice, Plaintiffs spend in excess of twenty percent (20%) of their time at work engaged in a non-tipped capacity. During these periods, Plaintiffs are compensated at the tipped minimum wage rate as set by state and federal law, rather than the full minimum wage rate.

7.     Capital Grille restaurants maintain a policy and practice where employees are encouraged to work off the clock. Often, Managers encourage Plaintiffs to punch in only after a Plaintiff has received their first customer. Prior to getting their first customer, Plaintiffs perform non-tip producing "side work." Plaintiffs are also required to perform "side work" after table service has ended and after punching out. As a result of these practices, Plaintiffs are required to perform non-tipped duties without compensation from Defendants.

8.     Defendants' policies are designed to prevent Plaintiffs' time cards from reflecting overtime hours. Defendants inform Plaintiffs that they can work as many shifts as they want, so long as they "do not go into overtime" on their time cards. Consistently, Plaintiffs are encouraged to work entire shifts off the clock. Plaintiffs are allowed to report overtime hours only if Defendants' General Managers give prior authorization. In an effort to prevent overtime, Managers often threaten Plaintiffs with fewer shifts or assign areas of the restaurant that produce fewer tips.

9.     When Plaintiffs attempt to punch into the Darden Application for Service & Hospitality ("DASH") system, they are often prevented from doing so due to Defendants failure to place Plaintiffs' schedule into the system. As a result, Managers must punch Plaintiffs into the system. Often, Managers will not adjust Plaintiffs' hours to reflect the time Plaintiffs actually started working.

10.     Managers are aware that Capital Grille employees are working off the clock, since Managers are required to sign Plaintiffs into the DASH system if they attempt to punch in later than

their scheduled shift.  Managers are also provided with a computer report at the end of a shift, which details when a Plaintiff punched in at the onset of their shift. On various occasions, Managers at Capital Grille have manipulated Plaintiffs' timecards to remove overtime hours.

11.     Plaintiffs and other hourly service employees at Capital Grille are required to engage in a tip distribution scheme where tips are shared with Dishwashers, Plate Scrapers, Silverware Polishers, and other employees in positions that are not entitled to tips under the Fair Labor Standards Act and/or New York Labor Law. All three positions perform duties that do not involve customer interaction, nor do these employees perform their duties in view of customers. At the onset of employment at Capital Grille restaurants, Plaintiffs are required to undergo a training period whereby they are informed by Managers of the tip distribution policy that includes Dishwashers, Plate Scrapers, and Silverware Polishers.

12.     Plaintiffs' uniform at Capital Grille Restaurants consists of black dress pants, a white dress shirt, bowtie and a brown blazer. While the brown blazer is provided by Defendants, Plaintiffs are required to maintain their uniform without compensation from Defendants.

13.     At the onset of employments, Plaintiffs are required to receive their first weeks' wages on a "Paycheck PLUS! Elite Visa" payroll card ("paycard"). After the initial pay period, Plaintiffs have the option of continuing the use of a paycard to receive their wages. Paycards are issued by MetaBank or Darden Employees Federal Credit union pursuant to a license from Visa U.S.A. Inc. Defendants' paycards impose fees upon Plaintiffs for Non-Allpoint ATM withdrawals, Non-Allpoint ATM balance inquiries, declined ATM transactions and other services that are essential for Plaintiffs to access their wages.

14.     Plaintiffs bring this action on behalf of themselves and similarly situated current and former tipped, hourly food service workers who elect to opt-in to this action pursuant to the Fair Labor

Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiffs and other similarly situated employees of their lawfully earned wages. To date, in addition to the named Plaintiffs, twenty-one individuals have already opted into the lawsuit from the following states: Arizona, Florida, Indiana, New York, North Carolina, Pennsylvania, and Virginia.

15.     Plaintiffs also bring this action on behalf of themselves and all similarly situated current and former tipped, hourly food service workers pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

16.     Plaintiff Ahmed Chhab, individually, brings a claim against Defendants for retaliation in accordance with NYLL Article 7, § 215.

## THE PARTIES

### Plaintiffs

#### Ahmed Chhab

17.     Plaintiff Ahmed Chhab ("Chhab") is an adult individual who is a resident of Woodside, New York.

18.     Chhab was employed by Defendants as a Server at the Capital Grille from in or around 1998 to November 15, 2011.

19.     From in or around 1998 to in or around 2005, Chhab worked at the Capital Grille located 900 Boylston Street, Boston, Massachusetts 02115.

20.     From in or around 2005 to in or around March 2007, Chhab worked at the Capital Grille located at 2223 North West Shore Boulevard, Tampa, Florida 33607.

21.     From in or around April 2007 to November 15, 2011, Chhab worked at the Capital Grille located at 155 East 42nd Street, New York, New York 10017.

22.     During this time period, Chhab also worked at the Capital Grille located at 120 Broadway, New York, New York 10271.

23.     Chhab is a covered employee within the meaning of the FLSA and the NYLL.

24.     A written consent form for Chhab was filed with the original Class Action Complaint.

**Kathryn Shrader**

25.     Plaintiff Kathryn Shrader ("Shrader") is an adult individual who is a resident of New York, New York.

26.     Shrader was employed by Defendants as a Server from on or about August 1, 2004 to on or about November 29, 2011, at the Capital Grille located at 155 East 42nd Street, New York, New York 10017.

27.     Shrader is a covered employee within the meaning of the FLSA and the NYLL.

28.     A written consent form for Shrader is being filed with this Amended Class Action Complaint.

**Lance Feldhun**

29.     Plaintiff Lance Feldhun ("Feldhun") is an adult individual who is a resident of Whippany, New Jersey.

30.     Feldhun was employed by Defendants as a Server from on or about January 15, 2007 to on or about May 17, 2011, at the Capital Grille located at 155 East 42nd Street, New York, New York 10017.

31.     Feldhun is a covered employee within the meaning of the FLSA and the NYLL.

32.   A written consent form for Feldhun is being filed with this Amended Class Action Complaint.

**Michael Rella**

33.   Plaintiff Michael Rella ("Rella") is an adult individual who is a resident of Mount Vernon, New York.

34.   Rella was employed by Defendants as a Server from on or about September 13, 2009 to on or about November 29, 2011, at the Capital Grille located at 155 East 42nd Street, New York, New York 10017.

35.   Rella is a covered employee within the meaning of the FLSA and the NYLL.

36.   A written consent form for Rella is being filed with this Amended Class Action Complaint.

**Vincent Anthony Boreland**

37.   Plaintiff Vincent Anthony Boreland ("Boreland") is an adult individual who is a resident of New Rochelle, New York.

38.   Boreland was employed by Defendants as a Server from on or about February 24, 2011 to November 23, 2011, at the Capital Grille located at 155 East 42nd Street, New York, New York 10017.

39.   Boreland is a covered employee within the meaning of the FLSA and the NYLL.

40.   A written consent form for Boreland is being filed with this Amended Class Action Complaint.

**Adrianne Benzion**

41.   Plaintiff Adrianne Benzion ("Benzion") is an adult individual who is a resident of New York, New York.

42.    Benzion was employed by Defendants as a Server from in or about February 2010 to in or about November 2011, at the Capital Grille located at 155 East 42nd Street, New York, New York 10017.

43.    Benzion is a covered employee within the meaning of the FLSA and the NYLL.

44.    A written consent form for Benzion is being filed with this Amended Class Action Complaint.

**Defendants**

45.    Defendants Darden Restaurants, Inc., GMRI, Inc., Capital Grille Holdings, Inc. d/b/a The Capital Grille, and RARE Hospitality International, Inc. (collectively "Defendants") jointly employed Plaintiffs and similarly situated employees at all times relevant.  Each Defendant has had substantial control over Plaintiffs' working conditions, and over the unlawful policies and practices alleged herein.

46.    Upon information and belief, Defendants are part of a single integrated enterprise that jointly employed Plaintiffs and similarly situated employees at all times relevant.

47.    Upon information and belief, Defendants' operations are interrelated and unified.

48.    Upon information and belief, during all relevant times, Capital Grille Restaurants shared a common management and were centrally controlled and/or owned by Defendants.

**Darden Restaurants, Inc.**

49.    Together with the other Defendants, Darden Restaurants, Inc. ("Darden") has owned and/or operated Capital Grille Restaurants during the relevant period.

50.    According to Capital Grille's Server and Bartender handbook, "The Capital Grille is owned and operated by Darden, the world's largest casual and fine dining group."

51.    Darden is a publicly traded company listed on the New York Stock Exchange under

the symbol DRI. Income and expenses for all Darden restaurants is listed on Darden's Securities and Exchange Commission Stock Filings.

52.    Darden is organized and existing under the laws of Florida.

53.    Upon information and belief, Darden's principal executive office is located at 1000 Darden Center Drive, Orlando, Florida 32837.

54.    At all relevant times, Darden has had the power to transfer the assets or liabilities of Capital Grille Restaurants.

55.    At all relevant times, Darden has had the power to declare bankruptcy on behalf of Capital Grille Restaurants.

56.    Darden is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiffs and similarly situated employees.

57.    Darden is the name that appears on employee Wage Compensation Reports of Plaintiffs.

58.    At all relevant times, Darden maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

59.    Darden applies the same employment policies, practices, and procedures to all tipped, hourly food service workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, uniform maintenance, and customer tips. Employees at Capital Grille locations nationwide are also required to punch in and out using the DASH system.

60.    All Darden restaurants are subject to the same employment policies and procedures. According to Darden's, Capital Grille "Team Member Handbook", "whether you are called a "team

member", "crew member" or any other term in your particular restaurant, you are an employee with the Darden family of restaurants."  Many of Darden's employment policies and procedures are outlined in Darden's 2008 Capital Grille "Team Member Handbook."  At the onset of employment, employees are provided with this handbook, which, according to page 2, "is used throughout the United States."

61.    As a result of Darden's nationwide policies, employees are permitted to transfer employment between Capital Grille locations. Darden's 2008 Capital Grille "Team Member Handbook," specifically states that "employees who have a good work record and are performing at a satisfactory or above level" can transfer from one restaurant to another.

62.    In or around November 2011, Darden introduced a new tip sharing policy for Servers, Server Assistants, Bar Servers, Runners, Barbacks and Bartenders at all Capital Grille restaurants. All specified employees were required to review, sign and return the form to Managers acknowledging their understanding of the policy.

63.    Upon information and belief, at all relevant times Darden's annual gross volume of sales made or business done was not less than $500,000.00.

**GMRI, Inc.**

64.    Together with the other Defendants, GMRI, Inc. ("GMRI") has owned and/or operated Capital Grille restaurants during the relevant period.

65.    GMRI is a foreign business corporation organized and existing under the laws of Florida.

66.    GMRI's principal executive office is located at 1000 Darden Center Drive, Orlando, Florida 32837.

67.    GMRI is a covered employer within the meaning of the FLSA and the NYLL, and, at

all times relevant, employed Plaintiffs and similarly situated employees.

68.    At all relevant times, GMRI maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

69.    Upon information and belief, GMRI applies the same employment policies, practices, and procedures to all tipped, hourly food service workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, uniform maintenance, and customer tips.

70.    GMRI is an entity that appeared on Plaintiffs' paychecks.

71.    Upon information and belief, at all relevant times, GMRI's annual gross volume of sales made or business done was not less than $500,000.00.

### Capital Grille Holdings, Inc. d/b/a The Capital Grille

72.    Together with the other Defendants, Capital Grille Holdings, Inc. d/b/a The Capital Grille ("Capital Grille Holdings") has owned and/or operated the Capital Grille restaurants during the relevant period.

73.    Capital Grille Holdings is a foreign business corporation organized and existing under the laws of North Carolina.

74.    Capital Grille Holding's principal executive office is located at 1000 Darden Center Dr., Orlando, Florida 32837.

75.    Capital Grille Holdings is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiffs and similarly situated employees.

76.    At all relevant times, Capital Grille Holdings maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other

employment practices that applied to them.

77.    Upon information and belief, Capital Grille Holdings applies the same employment policies, practices, and procedures to all tipped, hourly food service workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, uniform maintenance, and customer tips.

78.    Capital Grille Holdings is an entity that appeared on Plaintiffs' paychecks.

79.    Upon information and belief, at all relevant times, Capital Grille Holding's annual gross volume of sales made or business done was not less than $500,000.00.

**RARE Hospitality International, Inc.**

80.    Together with the other Defendants, RARE Hospitality International, Inc. ("RARE") has owned and/or operated the Capital Grille restaurants during the relevant period.

81.    RARE is a foreign business corporation organized and existing under the laws of Georgia.

82.    Upon information and belief, RARE's principal executive office is located at 5900 Lake Ellenor Drive, Orlando, Florida 32809.

83.    RARE is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiffs and similarly situated employees.

84.    At all relevant times, RARE maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

85.    Upon information and belief, RARE applies the same employment policies, practices, and procedures to all tipped, hourly food service workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours

pay, uniform maintenance, and customer tips.

86.     Upon information and belief, at all relevant times, RARE's annual gross volume of sales made or business done was not less than $500,000.00.

## JURISDICTION AND VENUE

87.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

88.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

89.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

90.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

91.     Plaintiffs bring the First and Second Causes of Action, FLSA claims, on behalf of themselves and all similarly situated persons who have worked as tipped, hourly food service workers at Capital Grille restaurants nationwide, who elect to opt-in to this action (the "FLSA Collective").

92.     Consistent with Defendants' policy and pattern or practice, Plaintiffs and the FLSA Collective were not paid minimum wages for all hours worked and premium overtime compensation for all hours worked beyond 40 per workweek.

93.     All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiffs and

the FLSA Collective have performed.

94.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

(a)     willfully failing to pay its employees, including Plaintiffs and the FLSA Collective, minimum wages for all hours worked and premium overtime wages for hours that they worked in excess of 40 hours per workweek; and

(b)     willfully failing to record all of the time that its employees, including Plaintiffs and the FLSA Collective, have worked for the benefit of Defendants.

95.     Defendants' unlawful conduct, as described in this Amended Class Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to record the hours employees work.

96.     Defendants are aware or should have been aware that federal law required them to pay employees minimum wage for all of the hours they worked.

97.     Defendants are aware or should have been aware that federal law required them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

98.     Plaintiffs and the FLSA Collective perform or performed the same primary duties.

99.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

## CLASS ACTION ALLEGATIONS

100.    Plaintiffs bring the Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as tipped, hourly food service workers and similar employees at the Capital Grille Restaurants in New York between November 17, 2005 and the

date of final judgment in this matter (the "Rule 23 Class").

101.    Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

102.    The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.

103.    Upon information and belief, the size of the Rule 23 Class is at least 50 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

104.    Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

105.    Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)     whether Defendants violated NYLL Articles 6 and 19, and the supporting New York State Department of Labor regulations;

(b)     whether Defendants failed to pay Plaintiffs and the Rule 23 Class minimum wages for all of the hours they worked;

(c)     whether Defendants correctly compensated Plaintiffs and the Rule 23 Class for hours worked in excess of 40 hours per workweek;

(d)     whether Defendants failed to provide Plaintiffs and the Rule 23 Class spread-of-hours pay;

(e)     whether Defendants misappropriated tips and/or service charges from Plaintiffs and the Rule 23 Class by demanding, handling, pooling, counting, distributing,

- 15 -

accepting, and/or retaining tips and/or service charges paid by customers that were intended for Plaintiffs and the Rule 23 Class, and which customers reasonably believed to be gratuities for Plaintiffs and the Rule 23 Class;

(f)  whether Defendants distributed or retained a portion of the tips paid by customers to workers who are not entitled to receive tips under the NYLL;

(g)  whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Rule 23 Class, and other records required by the NYLL;

(h)  whether Defendants failed to furnish Plaintiffs and the Rule 23 Class with an accurate statement of wages, hours worked, rates paid, gross wages, and the claimed tip allowance as required by the NYLL;

(i)  whether Defendants failed to supply Plaintiffs and the Rule 23 Class with statements of wages as required by NYLL Article 6 § 195.

(j)  whether Defendants failed to pay Plaintiffs and the Rule 23 Class for uniform-related expenses;

(k)  whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(l)  the nature and extent of class-wide injury and the measure of damages for those injuries.

106.   The claims of Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs and all of the Rule 23 Class members work, or have worked, for Defendants as tipped, hourly food service workers at the Capital Grille restaurants in New York. Plaintiffs and the Rule 23 Class members enjoy the same statutory rights under the NYLL, including to be paid for all hours worked, to be paid overtime wages, to be paid spread-of-hours pay, and to retain customer tips. Plaintiffs and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. Plaintiffs and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

107.   Plaintiffs will fairly and adequately represent and protect the interests of the members of the Rule 23 Class. Plaintiffs understand that as class representatives, they assume a fiduciary

responsibility to the class to represent its interests fairly and adequately. Plaintiffs recognize that as class representatives, they must represent and consider the interests of the class just as they would represent and consider their own interests. Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over the class. Plaintiffs recognize that any resolution of a class action must be in the best interest of the class. Plaintiffs understand that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Plaintiffs and the Rule 23 members.

108.   A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual Plaintiff lacks the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

109.   This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## PLAINTIFFS' FACTUAL ALLEGATIONS

110.    Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiffs, individually, as follows:

**Ahmed Chhab**

111.    Defendants did not pay Chhab the proper minimum wages, overtime wages, and spread-of-hours pay for all of the time that he was suffered or permitted to work each workweek.

112.    Defendants did not inform Chhab of the tipped minimum wage or tip credit provisions of the FLSA, 29 U.S.C. 203(m), or the NYLL, 12 N.Y.C.R.R. part 137 and 146 *et seq.*

113.    Throughout the duration of his employment at the Capital Grille, Chhab received weekly paychecks from Defendants that did not properly record or compensate Chhab for all the hours he worked.

114.    Defendants required Chhab to arrive at work before his shift started in order to dress for his shift. Defendants did not compensate Chhab for this time.

115.    In an effort to avoid paying overtime, Defendants would require Chhab to punch in after he got his first customer and punch out to perform non-tipped work such as setting up tables and moving chairs. During the periods when Chhab was punched out, but still working, he was not compensated by Defendants.

116.    Defendants repeatedly suffered or permitted Chhab to work over 40 hours per week as a Server without paying him premium overtime pay.

117.    Defendants did not pay Chhab spread-of-hours pay for all of the times that he worked in excess of 10 hours per day.

118.    Defendants did not allow Chhab to retain all of the tips and/or gratuities he earned.

119.    Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Chhab earned.

120.    Defendants imposed upon Chhab a tip redistribution scheme to which he never agreed.

121.    Defendants unlawfully redistributed part of Chhab's tips to Dishwashers, Silverware Polishers, and Plate Scrapers, who are employees in positions that are not entitled to tips under the FLSA and/or the NYLL.

122.    Customers were charged a mandatory twenty percent (20%) gratuity to host private parties and/or events at Capital Grille. Though customers were lead to believe that this mandatory gratuity was intended for Chhab and similarly situated employees, Defendants retained a portion of the mandatory gratuity and/or distributed a portion to Dishwashers, Silverware Polishers, and Plate Scrapers, employees who are not entitled to tips under the FLSA and/or the NYLL.

123.    Defendants required Chhab to maintain his uniform, a dark brown blazer embroidered with the restaurant's logo, without compensating him for said maintenance.

124.    Defendants required Chhab to perform a substantial amount of non-tipped "side work" in excess of twenty percent (20%) of his time at work. During these periods, Defendants compensated Chhab at the tipped minimum wage rate rather than the full hourly minimum wage rate.

125.    Upon information and belief, Defendants did not keep accurate records of wages or tips earned, or of hours worked by Chhab.

126.    In or around November 2011, Defendants presented Chhab with a "Darden Tip Share Acknowledgement Form" that required Chhab's review and signature. Portions of the acknowledgement form referred to Chhab's direct wage rate and tip credit rate. Although

Defendants were designated to fill out that portion of the form, Defendants instead required that Chhab himself insert his direct wage and tip credit rate. When Chhab refused to fill out his own wage and tip credit rate, insisting that Defendants were required to provide that information, Chhab was terminated in retaliation for complaining.

127.    According to the NYLL §195, as amended by the Wage Theft Prevention Act, Defendants were required to provide Chhab with his rate of pay, including any allowances claimed as part of the minimum wage. Since Defendants failed to provide the rate of pay with allowances claimed, Chhab reasonably and in good faith believed that his refusal to sign the tip share acknowledgment was protected pursuant to NYLL §215.

**Kathryn Shrader**

128.    Defendants did not pay Shrader the proper minimum wages, overtime wages, and spread-of-hours pay for all of the time that she was suffered or permitted to work each workweek.

129.    Defendants did not inform Shrader of the tipped minimum wage or tip credit provisions of the FLSA, 29 U.S.C. 203(m), or the NYLL, 12 N.Y.C.R.R. part 137 and 146 *et seq*.

130.    Throughout the duration of her employment at the Capital Grille, Shrader received weekly paychecks from Defendants that did not properly record or compensate Shrader for all the hours she worked.

131.    Defendants required Shrader to arrive at work before her shift started in order to dress for her shift. Defendants did not compensate Shrader for this time.

132.    In an effort to avoid paying overtime, Defendants would require Shrader to punch in after she got her first customer and punch out to perform non-tipped work such as setting up tables and moving chairs. During the periods when Shrader was off the clock, but still working, she was not compensated by Defendants.

133.   Defendants repeatedly suffered or permitted Shrader to work over 40 hours per week as a Server without paying her premium overtime pay.

134.   Defendants did not pay Shrader spread-of-hours pay for all of the times that she worked in excess of 10 hours per day.

135.   Defendants did not allow Shrader to retain all of the tips and/or gratuities she earned.

136.   Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Shrader earned.

137.   Defendants imposed upon Shrader a tip redistribution scheme to which she never agreed.

138.   Defendants unlawfully redistributed part of Shrader's tips to Dishwashers, Silverware Polishers, and Plate Scrapers, employees in positions that are not entitled to tips under the FLSA and/or the NYLL.

139.   Customers were charged a mandatory twenty percent (20%) gratuity to host private parties and/or events at Capital Grille.  Though customers were lead to believe that this mandatory gratuity was intended for Shrader and similarly situated employees, Defendants retained a portion of the mandatory gratuity and/or distributed a portion to Dishwashers, Silverware Polishers, and Plate Scrapers, employees who are not entitled to tips under the FLSA and/or the NYLL.

140.   Defendants required Shrader to maintain her uniform, a dark brown blazer embroidered with the restaurant's logo, without compensating her for said maintenance.

141.   Defendants required Shrader to perform a substantial amount of non-tipped "side work" in excess of twenty percent (20%) of her time at work. During these periods, Defendants compensated Shrader at the tipped minimum wage rate rather than the full hourly minimum wage rate.

142.    Upon information and belief, Defendants did not keep accurate records of wages or tips earned, or of hours worked by Shrader.

**Lance Feldhun**

143.    Defendants did not pay Feldhun the proper minimum wages, overtime wages, and spread-of-hours pay for all of the time that he was suffered or permitted to work each workweek.

144.    Defendants did not inform Feldhun of the tipped minimum wage or tip credit provisions of the FLSA, 29 U.S.C. 203(m), or the NYLL, 12 N.Y.C.R.R. part 137 and 146 *et seq.*

145.    Throughout the duration of his employment at the Capital Grille, Feldhun received weekly paychecks from Defendants that did not properly record or compensate Feldhun for all the hours he worked.

146.    Defendants required Feldhun to arrive at work before his shift started in order to dress for his shift. Defendants did not compensate Feldhun for this time.

147.    In an effort to avoid paying overtime, Defendants would require Feldhun to punch in after he got his first customer and punch out to perform non-tipped work such as setting up tables and moving chairs. During the periods when Feldhun was off the clock, but still working, he was not compensated by Defendants.

148.    Defendants repeatedly suffered or permitted Feldhun to work over 40 hours per week as a Server without paying him premium overtime pay.

149.    Defendants did not pay Feldhun spread-of-hours pay for all of the times that he worked in excess of 10 hours per day.

150.    Defendants did not allow Feldhun to retain all of the tips and/or gratuities he earned.

151.    Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Feldhun earned.

152.   Defendants imposed upon Feldhun a tip redistribution scheme to which he never agreed.

153.   Defendants unlawfully redistributed part of Feldhun's tips to Dishwashers, Silverware Polishers, and Plate Scrapers, employees in positions that are not entitled to tips under the FLSA and/or the NYLL.

154.   Customers were charged a mandatory twenty percent (20%) gratuity to host private parties and/or events at Capital Grille.  Though customers were lead to believe that this mandatory gratuity was intended for Feldhun and similarly situated employees, Defendants retained a portion of the mandatory gratuity and/or distributed a portion to Dishwashers, Silverware Polishers, and Plate Scrapers, employees not entitled to tips under the FLSA and/or the NYLL.

155.   Defendants required Feldhun to perform a substantial amount of non-tipped "side work" in excess of twenty percent (20%) of his time at work. During these periods, Defendants compensated Feldhun at the tipped minimum wage rate rather than the full hourly minimum wage rate.

156.   Defendants required Feldhun to maintain his uniform, a dark brown blazer embroidered with the restaurant's logo, without compensating him for said maintenance.

157.   Upon information and belief, Defendants did not keep accurate records of wages or tips earned, or of hours worked by Feldhun.

**Michael Rella**

158.   Defendants did not pay Rella the proper minimum wages, overtime wages, and spread-of-hours pay for all of the time that he was suffered or permitted to work each workweek.

159.   Defendants did not inform Rella of the tipped minimum wage or tip credit provisions of the FLSA, 29 U.S.C. 203(m), or the NYLL, 12 N.Y.C.R.R. part 137 and 146 *et seq.*

160.    Throughout the duration of his employment at the Capital Grille, Rella received weekly paychecks from Defendants that did not properly record or compensate Rella for all the hours he worked.

161.    Defendants required Rella to arrive at work before his shift started in order to dress for his shift. Defendants did not compensate Rella for this time.

162.    In an effort to avoid paying overtime, Defendants would require Rella to punch in after he got his first customer and punch out to perform non-tipped work such as setting up tables and moving chairs. During the periods when Rella was off the clock, but still working, he was not compensated by Defendants.

163.    Defendants repeatedly suffered or permitted Rella to work over 40 hours per week as a Server without paying him premium overtime pay.

164.    Defendants did not pay Rella spread-of-hours pay for all of the times that he worked in excess of 10 hours per day.

165.    Defendants did not allow Rella to retain all of the tips and/or gratuities he earned.

166.    Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Rella earned.

167.    Defendants imposed upon Rella a tip redistribution scheme to which he never agreed.

168.    Defendants unlawfully redistributed part of Rella's tips to Dishwashers, Silverware Polishers, and Plate Scrapers, employees in positions that are not entitled to tips under the FLSA and/or the NYLL.

169.    Customers were charged a mandatory twenty percent (20%) gratuity to host private parties and/or events at Capital Grille. Though customers were lead to believe that this mandatory

gratuity was intended for Rella and similarly situated employees, Defendants retained a portion of the mandatory gratuity and/or distributed a portion to Dishwashers, Silverware Polishers, and Plate Scrapers, employees not entitled to tips under the FLSA and/or the NYLL.

170.    Defendants required Rella to perform a substantial amount of non-tipped "side work" in excess of twenty percent (20%) of his time at work. During these periods, Defendants compensated Rella at the tipped minimum wage rate rather than the full hourly minimum wage rate.

171.    Defendants required Rella to maintain his uniform, a dark brown blazer embroidered with the restaurant's logo, without compensating him for said maintenance.

172.    Upon information and belief, Defendants did not keep accurate records of wages or tips earned, or of hours worked by Rella.

**Vincent Anthony Boreland**

173.    Defendants did not pay Boreland the proper minimum wages, overtime wages, and spread-of-hours pay for all of the time that he was suffered or permitted to work each workweek.

174.    Defendants did not inform Boreland of the tipped minimum wage or tip credit provisions of the FLSA, 29 U.S.C. 203(m), or the NYLL, 12 N.Y.C.R.R. part 137 and 146 *et seq.*

175.    Throughout the duration of his employment at the Capital Grille, Boreland received weekly paychecks from Defendants that did not properly record or compensate Boreland for all the hours he worked.

176.    Defendants required Boreland to arrive at work before his shift started in order to dress for his shift. Defendants did not compensate Boreland for this time.

177.    In an effort to avoid paying overtime, Defendants would require Boreland to punch out to perform non-tipped work such as setting up tables and moving chairs. During the periods when Boreland was off the clock, but still working, he was not compensated by Defendants.

178.   Defendants repeatedly suffered or permitted Boreland to work over 40 hours per week as a Server without paying him premium overtime pay.

179.   Defendants did not pay Boreland spread-of-hours pay for all of the times that he worked in excess of 10 hours per day.

180.   Defendants did not allow Boreland to retain all of the tips and/or gratuities he earned.

181.   Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Boreland earned.

182.   Defendants imposed upon Boreland a tip redistribution scheme to which he never agreed.

183.   Defendants unlawfully redistributed part of Boreland's tips to Dishwashers, Silverware Polishers, and Plate Scrapers, employees in positions that are not entitled to tips under the FLSA and/or the NYLL.

184.   Customers were charged a mandatory twenty percent (20%) gratuity to host private parties and/or events at Capital Grille. Though customers were lead to believe that this mandatory gratuity was intended for Boreland and similarly situated employees, Defendants retained a portion of the mandatory gratuity and/or distributed a portion to Dishwashers, Silverware Polishers, and Plate Scrapers, employees not entitled to tips under the FLSA and/or the NYLL.

185.   Defendants required Boreland to perform a substantial amount of non-tipped "side work" in excess of twenty percent (20%) of his time at work. During these periods, Defendants compensated Boreland at the tipped minimum wage rate rather than the full hourly minimum wage rate.

186.   Defendants required Boreland to maintain his uniform, a dark brown blazer embroidered with the restaurant's logo, without compensating him for said maintenance.

187.    Upon information and belief, Defendants did not keep accurate records of wages or tips earned, or of hours worked by Boreland.

**Adrianne Benzion**

188.    Defendants did not pay Benzion the proper minimum wages, overtime wages, and spread-of-hours pay for all of the time that she was suffered or permitted to work each workweek.

189.    Defendants did not inform Benzion of the tipped minimum wage or tip credit provisions of the FLSA, 29 U.S.C. 203(m), or the NYLL, 12 N.Y.C.R.R. part 137 and 146 *et seq.*

190.    Throughout the duration of her employment at the Capital Grille, Benzion received weekly paychecks from Defendants that did not properly record or compensate Benzion for all the hours she worked.

191.    Defendants required Benzion to arrive at work before her shift started in order to dress for her shift. Defendants did not compensate Benzion for this time.

192.    In an effort to avoid paying overtime, Defendants would require Benzion to punch in after she got her first customer and punch out to perform non-tipped work such as setting up tables and moving chairs. During the periods when Benzion was off the clock, but still working, she was not compensated by Defendants.

193.    Defendants repeatedly suffered or permitted Benzion to work over 40 hours per week as a Server without paying her premium overtime pay.

194.    Defendants did not pay Benzion spread-of-hours pay for all of the times that she worked in excess of 10 hours per day.

195.    Defendants did not allow Benzion to retain all of the tips and/or gratuities she earned.

196.   Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Benzion earned.

197.   Defendants imposed upon Benzion a tip redistribution scheme to which she never agreed.

198.   Defendants unlawfully redistributed part of Benzion's tips to Dishwashers, Silverware Polishers, and Plate Scrapers, employees in positions that are not entitled to tips under the FLSA and/or the NYLL.

199.   Customers were charged a mandatory twenty percent (20%) gratuity to host private parties and/or events at Capital Grille.  Though customers were lead to believe that this mandatory gratuity was intended for Benzion and similarly situated employees, Defendants retained a portion of the mandatory gratuity and/or distributed a portion to Dishwashers, Silverware Polishers, and Plate Scrapers, employees who are not entitled to tips under the FLSA and/or the NYLL.

200.   Defendants required Benzion to perform a substantial amount of non-tipped "side work" in excess of twenty percent (20%) of her time at work. During these periods, Defendants compensated Benzion at the tipped minimum wage rate rather than the full hourly minimum wage rate.

201.   Upon information and belief, Defendants did not keep accurate records of wages or tips earned, or of hours worked by Benzion.

### FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

202.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

203.   Defendants failed to pay Plaintiffs and the members of the FLSA Collective the minimum wages to which they are entitled under the FLSA.

204.    Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Amended Class Action Complaint.

205.    At all times relevant, Plaintiffs and the members of the FLSA Collective were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a), and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

206.    Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. § 203(m), because Defendants failed to inform Plaintiffs and the FLSA Collective of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m) and distributed a portion of their tips to workers who do not "customarily and regularly" receive tips.

207.    At all times relevant, Plaintiffs and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

208.    At all times relevant, Defendants have been employers of Plaintiffs and the members of the FLSA Collective, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

209.    Defendants were required to pay directly to Plaintiffs and the members of the FLSA Collective the applicable federal minimum wage rate for all hours worked.

210.    Defendants did not inform Plaintiffs and the members of the FLSA Collective of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m).

211.    Defendants failed to post and keep posted in a conspicuous place on their premises a notice explaining the FLSA, as prescribed by the Wage and Hour Division of the U.S. Department of Labor, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting federal regulations, including but not limited to 29 C.F.R. § 516.4.

212.    Defendants did not permit Plaintiffs and the members of the FLSA Collective to retain all of the tips they received.

213.    Defendants required Plaintiffs to perform a substantial amount of non-tipped "side work" in excess of twenty percent (20%) of their time at work. During these periods, Defendants compensated Plaintiffs at the tipped minimum wage rate rather than the full hourly minimum wage rate as required by 29 U.S.C. §201, *et. seq.*

214.    As a result of Defendants' violations of the FLSA, Plaintiffs and the members of the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

215.    Defendants' unlawful conduct, as described in this Amended Class Action Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Amended Class Action Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the members of the FLSA Collective.

216.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

217.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

218.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the members of the FLSA Collective.

219.    Defendants have failed to pay Plaintiffs and the members of the FLSA Collective overtime wages for all of the hours that they worked in excess of 40 hours in a work week.

220.    As a result of Defendants' violations of the FLSA, Plaintiffs and the members of the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

221.    Defendants' unlawful conduct, as described in this Amended Class Action Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Amended Class Action Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the members of the FLSA Collective.

222.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### THIRD CAUSE OF ACTION
### New York Labor Law Article 19 – Minimum Wage
### (Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

223.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

224.    Defendants failed to pay Plaintiffs and the members of the Rule 23 Class the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor regulations.

225.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Amended Class Action Complaint.

226.    At all times relevant, Plaintiffs and the members of the Rule 23 Class have been employees of Defendants, and Defendants have been employers of Plaintiffs and the members of

the Rule 23 Class within the meaning of the NYLL §§ 190, 651(5), 652, and the supporting New York State Department of Labor Regulations.

227.   The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiffs and the members of the Rule 23 Class.

228.   Defendants were required to pay Plaintiffs and the members of the Rule 23 Class a minimum wage at a rate of (a) $6.00 per hour for all hours worked from November 17, 2005 through December 31, 2005; (b) $6.75 per hour for all hours worked from January 1, 2006 through December 31, 2006; (c) $7.15 per hour for all hours worked from January 1, 2007 through July 23, 2009; and (d) $7.25 per hour for all hours worked from July 24, 2009 through the present, under the NYLL § 652 and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 137-1.2 and Part 146-1.2.

229.   Defendants failed to post, in a conspicuous place in their establishments, notices issued by the Department of Labor summarizing minimum wage provisions, in violation of the NYLL and supporting New York State Department of Labor Regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. Part 137-2.3 and Part 146-2.4.

230.   Defendants failed to furnish with every payment of wages to Plaintiffs and the members of the Rule 23 Class a statement listing hours worked, rates paid, gross wages, and tip allowance claimed as part of their minimum hourly wage rate, in violation of the NYLL and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 137-2.2 and Part 146-2.3.

231.   Defendants required Plaintiffs to perform a substantial amount of non-tipped "side work" for more than two hours per day or in excess of twenty percent (20%) of their time at work.

During these periods, Defendants compensated Plaintiffs at the tipped minimum wage rate rather than the full hourly minimum wage rate as required by 12 N.Y.C.R.R. Part 146-2.9.

232.    Defendants required Plaintiffs to share gratuities with non-tip eligible employees. As a result, Plaintiffs are entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate.

233.    Through their knowing or intentional failure to pay minimum hourly wages to Plaintiffs and the members of the Rule 23 Class, Defendants have willfully violated the NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. Part 137 and Part 146.

234.    Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### New York Labor Law Article 19 – Unpaid Overtime
### (Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

235.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

236.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiffs and the members of the Rule 23 Class.

237.    Defendants have failed to pay Plaintiffs and the members of the Rule 23 Class overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

238.    Through their knowing or intentional failure to pay Plaintiffs and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per week, Defendants have

willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

239.    Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### New York Labor Law – Spread-of-Hours and Split Shift Pay
### (Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

240.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

241.    Defendants have willfully failed to pay Plaintiffs and the members of the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than 10 hours.

242.    By Defendants' failure to pay Plaintiffs and the members of the Rule 23 Class spread-of-hours pay, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations.

243.    Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid spread-of-hours wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SIXTH CAUSE OF ACTION
### New York Labor Law –Tip Misappropriation
### (Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

244.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

245.    At all times relevant, Plaintiffs and the members of the Rule 23 Class have been employees within the meaning of NYLL Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

246.    At all times relevant, each Defendant has been an employer within the meaning of the NYLL Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

247.    The wage payment provisions of Article 6 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiffs and the members of the Rule 23 Class.

248.    Defendants unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by Plaintiffs and the members of the Rule 23 Class in violation of NYLL Article 6, § 196-d and the supporting New York State Department of Labor Regulations.

249.    Defendants unlawfully retained part of the gratuities earned by Plaintiffs and the members of the Rule 23 Class in violation of NYLL Article 6, § 196-d and the supporting New York State Department of Labor Regulations.

250.    Defendants required Plaintiffs and the members of the Rule 23 Class to share part of the gratuities they received with employees other than waiters, servers, busboys, or similar employees, in violation of NYLL Article 6, § 196-d and the supporting New York State Department of Labor Regulations.

251.    By Defendants' knowing or intentional demand for, acceptance of, and/or retention of part of the gratuities received by Plaintiffs and the members of the Rule 23 Class, Defendants have willfully violated the NYLL Article 6, § 196-d and the supporting New York State Department of Labor Regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. Part 137 *et seq.* and Part 146 *et seq.*, entitling Plaintiffs and the members of the Rule 23 Class to the value of

the misappropriated gratuities, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SEVENTH CAUSE OF ACTION
### New York Labor Law – Uniform Violations
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

252.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

253.   Defendants failed to reimburse Plaintiffs and the members of the Rule 23 Class for the cost of uniform maintenance in violation of NYLL Article 6, § 193 and the supporting New York State Department of Labor Regulations.

254.   Defendants failed to launder or maintain the required uniforms for Plaintiffs and the members of the Rule 23 Class and failed to pay them the required weekly amount in addition to the required minimum wage.

255.   Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their the costs of purchasing and maintaining their uniforms, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## EIGHTH CAUSE OF ACTION
### New York Labor Law Article 6 – Unlawful Deductions From Wages
### (Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

256.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

257.   Plaintiffs and the Rule 23 Class were subjected to unlawful deduction from their wages as a result of Defendants' paycards.

258.   The deductions made from the wages of Plaintiffs and the Rule 23 Class were not

expressly authorized in writing by Plaintiffs and the Rule 23 Class, and were not for the benefit of Plaintiffs and the Rule 23 Class.

259.   By Defendants' knowing or intentional effort to permit deductions from the wages of Plaintiffs and the Rule 23 Class, Defendants have willfully violated NYLL Article 6, § 191, 192 and 193.

260.   Due to Defendants' violations of the NYLL, Plaintiffs and the Rule 23 Class are entitled to recover from Defendants their unpaid wages, liquidated damages, as provided for by NYLL Article 6 § 198, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## NINTH CAUSE OF ACTION
### New York Labor Law– Recordkeeping Violation
### (Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

261.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

262.   Defendants have willfully failed to supply Plaintiffs and the members of the Rule 23 Class with an accurate statement of wages in violation of NYLL Article 6, § 195.

263.   Defendants provided Plaintiffs and the members of the Rule 23 Class with electronic wage statements. While Plaintiffs and the members of the Rule 23 Class had the ability to access their electronically stored wage information, Defendants did not allow Plaintiffs and the members of the Rule 23 Class to print copies of their paystubs. As a result, Defendants willfully failed to supply plaintiffs with hard copies of their electronic wage statements.

264.   Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants one hundred dollars for each work week that the violations occurred or continue to occur, or a total of twenty-five hundred dollars, as provided for by NYLL Article 6 § 198(1)-d, reasonable attorneys' fees, costs, injunctive and declaratory relief.

- 37 -

## TENTH CAUSE OF ACTION
### New York Labor Law – Retaliation
### (Brought on behalf of Plaintiff Ahmed Chhab, individually)

265.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

266.    In or around November 2011, Defendant Darden presented Plaintiff Chhab with a tip share acknowledgement form that required Plaintiff's review and signature. Portions of the acknowledgement form require Defendants to fill out Plaintiff's direct wage rate and tip credit rate. When Plaintiff insisted that Defendants fill out that portion of the form before he signed it, Defendants terminated Plaintiff.

267.    By terminating Plaintiff, Defendants have retaliated against Plaintiff, discriminated against Plaintiff, and penalized Plaintiff in violation of NYLL § 215.

268.    Defendants terminated Plaintiff because he attempted to enforce his rights under the NYLL.

269.    Defendants terminated Plaintiff in an attempt to vindicate his rights under the NYLL.

270.    Notice of this claim has been served upon the Attorney General pursuant to NYLL § 215(2).

271.    Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants back pay, front pay, compensatory damages, punitive damages, and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

A.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all tipped, hourly food service workers who are presently,

or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at Capital Grille restaurants nationwide.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid minimum wages, overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of Plaintiffs as representatives of the Rule 23 Class and counsel of record as Class Counsel;

E.      Issuance of a declaratory judgment that the practices complained of in this Amended Class Action Complaint are unlawful under the NYLL Article 6, §§ 190 *et seq.*, NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

F.      Unpaid minimum wages, overtime pay, spread-of-hours pay, misappropriated tips, uniform maintenance and other unpaid wages, and liquidated damages permitted by law pursuant to the NYLL;

G.      One hundred dollars for each work week that the violations of NYLL Article 6 § 195 occurred or continue to occur, or a total of twenty-five hundred dollars, as provided for by NYLL Article 6 § 198(1)-d.

H.      Prejudgment and post-judgment interest;

I.      An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

J.      Back pay, front pay, compensatory damages, punitive damages, and attorneys' fees

for Plaintiff Chhab pursuant to NYLL Article 7, § 215;

    K.    Reasonable attorneys' fees and costs of the action; and

    L.    Such other relief as this Court shall deem just and proper.

Dated:    New York, New York
            March 1, 2012

Respectfully submitted,

Joseph A. Fitapelli (JF 9058)

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli (JF 9058)
Brian S. Schaffer (BS 7548)
Eric J. Gitig (EG 7399)
475 Park Avenue South, 12th Floor
New York, NY 10016
Telephone: (212) 300-0375

**BERKE-WEISS & PECHMAN LLP**
Louis Pechman (LP 6395)
N. Marely Mercado (NM 1783)
488 Madison Avenue, 11th Floor
New York, New York 10022
Telephone: (212) 583-9500

**JOSEPH, HERZFELD, HESTER &
KIRSCHENBAUM, LLP**
D. Maimon Kirschenbaum (MK 2338)
Matthew D. Kadushin (MK1968)
233 Broadway, 5th Floor
New York, New York 10279
Telephone:  (212) 688-5640

*Attorneys for Plaintiffs and
the Putative Class*

## FAIR LABOR STANDARDS ACT CONSENT

1.     I, consent to be a party plaintiff in the above-captioned lawsuit against Capital Grille and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. §216 (b).

2.     By signing this consent form, I hereby designate Fitapelli & Schaffer, LLP and Berke-Weiss & Pechman LLP (collectively "the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement.  I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs.  I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.


_____

Signature

VINCENT ANTHONY BORELAND

**Full Legal Name (Print)**

## FAIR LABOR STANDARDS ACT CONSENT

1.      I, consent to be a party plaintiff in the above-captioned lawsuit against Capital Grille and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. §216 (b).

2.      By signing this consent form, I hereby designate Fitapelli & Schaffer, LLP and Berke-Weiss & Pechman LLP (collectively "the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement.  I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs.  I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_____
Signature

Kathryn F. Shrader

Full Legal Name (Print)

## FAIR LABOR STANDARDS ACT CONSENT

1.      I, consent to be a party plaintiff in the above-captioned lawsuit against Capital Grille and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. §216 (b).

2.      By signing this consent form, I hereby designate Fitapelli & Schaffer, LLP and Berke-Weiss & Pechman LLP (collectively "the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement.  I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs.  I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.


_____
Signature

MICHAEL RELLA
_____
Full Legal Name (Print)

## FAIR LABOR STANDARDS ACT CONSENT

1.      I, consent to be a party plaintiff in the above-captioned lawsuit against Capital Grille and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. §216 (b).

2.      By signing this consent form, I hereby designate Fitapelli & Schaffer, LLP and Berke-Weiss & Pechman LLP (collectively "the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement.  I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs.  I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

**Signature**

Lance Eric Feldhun

**Full Legal Name (Print)**

## FAIR LABOR STANDARDS ACT CONSENT

1.      I, consent to be a party plaintiff in the above-captioned lawsuit against Capital Grille and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. §216 (b).

2.      By signing this consent form, I hereby designate Fitapelli & Schaffer, LLP and Berke-Weiss & Pechman LLP (collectively "the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement.  I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs.  I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_____
Signature

Adrianne Benzion

Full Legal Name (Print)