Case 1:11-cv-08345-NRB   Document 83   Filed 01/10/13   Page 1 of 14

| | | |
|---|---|---|
| **FITAPELLI & SCHAFFER, LLP**<br>Joseph A. Fitapelli<br>Brian S. Schaffer<br>Eric J. Gitig<br>Frank J. Mazzaferro<br>475 Park Avenue South<br>12th Floor<br>New York, NY 10016<br>Telephone: (212) 300-0375 | **BERKE-WEISS & PECHMAN LLP**<br>Louis Pechman<br>N. Marely Mercado<br>488 Madison Avenue<br>11th Floor<br>New York, New York 10022<br>Telephone: (212) 583-9500 | **JOSEPH, HERZFELD, HESTER & KIRSCHENBAUM, LLP**<br>D. Maimon Kirschenbaum<br>Matthew D. Kadushin<br>233 Broadway<br>5th Floor<br>New York, New York 10279<br>Telephone: (212) 688-5640 |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AHMED CHHAB, KATHRYN SHRADER, LANCE FELDHUN, MICHAEL RELLA, VINCENT ANTHONY BORELAND, and ADRIANNE BENZION on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>DARDEN RESTAURANTS, INC., GMRI, INC., CAPITAL GRILLE HOLDINGS, INC. d/b/a THE CAPITAL GRILLE, and RARE HOSPITALITY INTERNATIONAL, INC.,<br><br>Defendants. | 11 Civ. 8345 (NRB)<br>(JLC) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY CERTIFICATION PURSUANT TO THE FAIR LABOR STANDARDS ACT, FOR COURT-AUTHORIZED NOTICE TO SIMILARLY SITUATED PERSONS, AND FOR EXPEDITED DISCOVERY.**

**TABLE OF CONTENTS**                                             **Page Number**

TABLE OF AUTHORITIES ................................................................................................ iii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ........................................................................................................................ 4

    I.      Defendants' Claims Of Individualized Difference Among Tipped Employees Does Not Defeat Conditional Certification ....................................... 4

    II.     Defendants' Merit-Based Arguments Are Premature ......................................... 5

    III.    The Court Should Grant Conditional Certification Despite Claims Of A Formal Written Policy ................................................................................. 7

    IV.    Several Of Defendants' Proposed Changes To Plaintiffs' Proposed Notice Are Unwarranted ..................................................................................... 9

    V.     Notice Should Be Sent To Tipped Employees Who Work Or Worked At TCG Within Three Years Of The Date Plaintiffs' Complaint Was Filed .............................. 9

CONCLUSION ................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases** ........................................................................................................................**Page Number**

*Brown v. ScriptPro, LLC*, 700 F.3d 1222 (10th Cir. 2012) ........................................................ 7, 8

*Cohen v. Gerson Lehrman Group, Inc.*, 686 F. Supp. 2d 317, 331 (S.D.N.Y. 2010)...................... 4

*Diaz v. S & H Bondi's Dept. Store*, No. 10 Civ. 7676 (PGG),
   2012 WL 137460 (S.D.N.Y. Jan. 18, 2012) ............................................................................... 5

*Driver v. AppleIllinois, LLC*, No. 06 Civ. 6149 (GSB),
   2012 WL 3716482 (N.D. Ill. Aug. 27, 2012) ............................................................................. 8

*In re Penthouse Executive Club Comp. Litig.*, No. 10 CIV. 1145 (NRB),
   2010 WL 4340255 (S.D.N.Y. Oct. 27, 2010)............................................................................. 5

*In re Wells Fargo Wage & Hour Employment Practices Litig. (No. III)*, H-11-2266,
   2012 WL 3308880  (S.D. Tex. Aug. 10, 2012) ......................................................................... 6

*Karic v Major Automotive Companies, Inc.*, 799 F. Supp. 2d 219 (E.D.N.Y. 2011) ...................... 9

*Kuebel v. Black & Decker Inc.,* 643 F.3d 352 (2d Cir.2011)........................................................... 8

*Levy v. Verizon Info. Services Inc.*, No. 06 Civ. 1583 (NG)(SMG),
   2007 WL 1747104 (E.D.N.Y. June 11, 2007) ........................................................................... 7

*Morris v. Lettire Const., Corp.,* No. 12 Civ. 0043 (NRB),
2012 WL 4320462 (S.D.N.Y. Sept. 18, 2012)................................................................................. 6

*Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) ................................................................ 7

*Ravenell v Avis Budget Car Rental, LLC*, No. 08 Civ. 2113 (SLT)(ALC),
   2010 WL 2921508, (E.D.N.Y. July 19, 2010) ........................................................................... 6

*Rosario v. Valentine Ave. Disc. Store, Co., Inc.,* 828 F. Supp. 2d 508
   (E.D.N.Y. 2011)......................................................................................................................... 4

*Torres v. Cache Cache, Ltd.*, No. 12 Civ. 00150 (LTB) (KMT),
   2012 WL 6652856 (D. Colo. Dec. 21, 2012)............................................................................. 8

*White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869 (6th Cir. 2012) ................................ 7, 9

*Whitehorn v. Wolfgang's Steakhouse, Inc.,* 767 F.Supp.2d 445, 449 (S.D.N.Y. 2011) .......... 7, 8, 9

*Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397 (S.D.N.Y. 2012) ......................................... 7,8,9

*Yahraes v. Rest. Associates Events Corp.*, No. 10 Civ. 935 (SLT),
  2011 WL 844963 (E.D.N.Y. March 8, 2011) .......................................................................... 10

**Statutes ………………….....………………………………………………….Page Number**

29 U.S.C. § 201 *et seq.* ................................................................................................... *passim*

**Other Authorities ………………….....………………………………………….Page Number**

DOL F<span>IELD</span> O<span>PERATIONS</span> H<span>ANDBOOK</span> §30D04(C)............................................................................ 8

**PRELIMINARY STATEMENT**

Plaintiffs' have met their minimal burden and accordingly their motion for conditional certification should be granted. Plaintiffs' primary claim is that Defendants underpaid them and the FLSA Collective Members by paying them the FLSA's tip-credit for side work, rather than the full minimum wage. Plaintiffs have established, through deposition testimony and Defendants' corporate data that Defendants' side work policies and the types of side work performed are uniform throughout Defendants' locations. As such, this lawsuit is a textbook case, appropriate for conditional certification. Defendants' arguments do little to undermine the uniformity of their side work policies and instead focus on various premature merits based arguments and "happy camper" declarations from individuals that have not been deposed.

As an initial matter, Defendants do not dispute the fact that the Capital Grille ("TCG") engages in a rigorous training process whereby Managing Partners ("MPs") are trained at Defendants' headquarters in Orlando and various TCG restaurants in order to learn the companywide policies that they will enforce at the restaurant they manage across the country. Although Defendants attempt to portray themselves as loosely controlled network of TCG restaurants operated at the discretion of MPs, the reality is that TCG exerts a tight control over the restaurants, one that would be expected for a publically traded company whose sole business is restaurant ownership and management.

It is indisputable that Defendants maintained a nationwide policy of utilizing Tipped Employees to perform a substantial amount of non-tip producing side work while being paid less than the full minimum wage. This occurred both before and after the introduction of the Universal Side Work Policy ("USW"). Although pre-universal side work ("PUSW") policies[1] may differ in font and format, upon close examination, it is evident that the substance of the

---

[1] Defendants' Memorandum of Law in Opposition ("Def. Opp."), **Exhibit ("Ex.") 33A** and **33B,** PUSW Guidelines.

duties are the same. Further, despite Defendants' claims that side work took a certain amount of time, Defendants have never recorded the hours Servers and Bartenders ("Tipped Employees") spent performing side work duties[2] despite the fact that they were capable of doing so.

Plaintiffs also allege two additional FLSA violations that occurred throughout Defendants' nationwide locations. First, Plaintiffs' allege and Defendants admit, that TCG restaurants nationwide use the same time keeping system ("DASH") which prevents employees from punching in prior to 5 minutes before their scheduled shift[3] and operate under Defendants' Safe and Secure Policy.[4] Due to the inherent flaws in the uniform DASH and the Safe and Secure Policy, which is ripe for abuse, Tipped Employees throughout the country were often forced to work off-the-clock in violation of the FLSA.

Defendants claim to have policies prohibiting off-the-clock work and submit various merits-based factual denials of these violations. While Plaintiffs are confident that they will ultimately establish the veracity of their claims and have already provided significant evidence in this regard, Defendants' premature merits-based arguments are not appropriate at this juncture.

Second, Plaintiffs have clearly established that, at every TCG location where a Plaintiff has already opted-in, Defendants required Plaintiffs to share tips with non-tip eligible employees, such as Silverware Polishers and Dishwashers. This violation occurred prior to the implementation of the Universal Tip Sharing Program.

In an attempt to defeat conditional certification, Defendants point to what they allege to be variations in the implementation of their uniform time-keeping rules and tip-sharing rules at different locations. First, as set forth in Plaintiffs' submissions, Defendants' time-keeping and

---

[2] All Exhibits are attached to the Declaration of Joseph A. Fitapelli ("Fitapelli Decl."); *See* **Ex. A,** Deposition of Brian Foye ("Foye Tr."), at 88:13-25; **Ex. B,** Deposition of Jill Dickstein ("Dickstein Tr."), at 190-191:22-5.
[3] Def. Opp. page 7.
[4] Indianapolis, Indiana is the only TCG restaurant Defendants' identify as currently not being subjected to this policy. However the policy was initially "rolled out" at all locations.

tip-sharing policies were uniform throughout the country and the ensuing violations at each location were virtually identical. Specifically, employees throughout the country were required to work off the clock because of the flaw in the DASH system and employees throughout the country were required to share tips with tip ineligible employees. These merits-based arguments are inappropriate in opposition to a motion for conditional certification.

More importantly, in making these arguments Defendants attempt to shift the focus from Plaintiffs' other claims, that they were paid inappropriately for side work. Under TCG's corporate structure, the side work policies are identical at each location, and they violate the FLSA. This, in and of itself, warrants conditional certification. Defendants should not be able to escape conditional certification because they committed *additional* FLSA violations that allegedly vary from location to location. Such a result would essentially reward Defendants for committing these infractions by rendering an otherwise certifiable class non-certifiable.

In short, *the entire* putative FLSA Collective are similarly situated in that they were paid less than the full minimum wage for side work, in violation of the FLSA. In addition, as a result of Defendants uniform timekeeping system and tip-sharing systems, many or most members of the FLSA Collective suffered additional violations of the FLSA by working off the clock and/or sharing tips with tip-ineligible employees.

Conditional certification is appropriate under the modest standard relevant to this Motion. For the purpose of conditional certification, Plaintiffs are willing to forgo administering Notice to TCG locations where Tipped Employees received the full minimum wage rate.[5]

---

[5] Alaska, California, Minnesota, Montana, Nevada, Oregon, and Washington.

**ARGUMENT**

I. **Defendants' Claims Of Individualized Differences Among Tipped Employees Does Not Defeat Conditional Certification**

Defendants assert that Plaintiffs cannot conditionally certify a 20% claim as it would require an individualized inquiry into the hours Tipped Employees worked and the total length of time Tipped Employees spent on non-tip producing work. Despite Defendants' assertions, individual inquiry would not undermine conditional certification.

"Individualized inquiry into each putative class member does not undermine the conditional certification … provided they are subject to a common unlawful policy or practice." *Rosario v. Valentine Ave. Disc. Store, Co., Inc.,* 828 F. Supp. 2d 508, 517-18 (E.D.N.Y. 2011); *Cohen v. Gerson Lehrman Group, Inc.*, 686 F. Supp. 2d 317, 331 (S.D.N.Y. 2010) (rejecting Defendants' argument that individual inquiry would prevent conditional certification).

Prior to USW, Tipped Employees nationwide were required to perform 1-5 side jobs each day involving cleaning, sanitizing, maintenance, and/or upkeep.[6] Those duties were provided to Tipped Employees at each restaurant[7] and generally included, but was not limited to, cutting and wrapping lemons, cutting and plating butter, making to-go tags, stocking dishes and plates, and stocking the coffee station. While PUSW may appear different in font and style, the substance of these documents is the same. Additionally, some PUSW policies provided by Defendants are incomplete including Phoenix, Arizona,[8] and Fort Lauderdale, Florida.[9]

Defendants' evidence also supports Plaintiffs' claim that PUSW was a companywide policy as at least one MP admits the PUSW was set up by certified trainers[10], while others admit

---

[6] Plaintiffs' Memorandum of Law in Support ("P. Mem.") **Ex. Q,** Server/Bartender Manual Excerpts.
[7] Def. Opp., **Ex. 33A & 33B,** PUSW Guidelines.
[8] P. Mem., **Ex. AA,** Phoenix, Arizona Side Work Guidelines.
[9] **Ex. C,** Declaration of Melanie Waszewski ("Waszewski Decl."), ¶¶ 6-7.
[10] Def. Opp., **Ex. 34**, Deposition of Jill Dickstein, at 51:7-25.

- 4 -

that they learned the side work duties of Tipped Employees during the training process.[11] Considering that MP training takes place at various TCG locations, it is evident that side work policies were the same, otherwise MPs would have to re-learn that aspect of their training once stationed at TCG they would manage. Moreover, under the Universal Side Work Policy, all TCG restaurants used the same standardized form created by Defendants.

At this stage, individual inquiry into the hours, shifts and specific duties of Tipped Employees does not defeat Plaintiffs' motion for conditional certification. Evidence submitted by Plaintiffs far exceeds what is factually necessary to meet their minimal burden and establishes that both PUSW and USW were companywide policies implemented at all TCG locations and that Tipped Employees were required to perform a substantial amount of non-tip producing side work while being paid less than the full minimum wage.[12] Thus, based solely on Plaintiffs' submissions regarding side work, certification is appropriate, as every single Tipped Employee is similarly situated in this regard.

## II.     Defendants' Merit-Based Arguments Are Premature

In an effort to rebut Plaintiffs' showing, Defendants make several merits based arguments which are inappropriate on a motion for conditional certification. When evaluating whether court-authorized notice is appropriate, the court does not resolve factual disputes, decide ultimate issues on the merits, or make credibility determinations. *Diaz v. S & H Bondi's Dept. Store*, No. 10 Civ. 7676 (PGG), 2012 WL 137460 (S.D.N.Y. Jan. 18, 2012); *In re Penthouse Executive Club Comp. Litig.,* No. 10 CIV. 1145 (NRB), 2010 WL 4340255, at *2 (S.D.N.Y. Oct. 27, 2010)

---

[11] *See* Def. Opp., **Ex. 15,** Declaration of Armin Ahrabinejad, ¶ 8; **Ex. 17,** Declaration of Melissa Trumbull, ¶ 22; **Ex. 21,** Declaration of Gordon Leigh, ¶ 23; **Ex. 22,** Declaration of Randy Cook, ¶ 3; **Ex. 23,** Declaration of John Mirabal, ¶ 4.

[12] Plaintiffs uniformly testified that side work took between an hour and a half to two hours, well in excess of the 20% standard. *See* **Ex. C,** Waszewski Decl. at ¶¶ 6,7 (Ft. Lauderdale FL); **Ex. D,** Deposition of DaJuan White, at 154:3-12 (42nd NY & IN); **Ex. E,** Deposition of Amy Mitchell, at 147:17-21, 168-169:25-5 (51st Street NY); **Ex. F,** Deposition of Adrianne Benzion, at 71:19-25, 44-45:24-6 (42nd Street NY); **Ex**. **G,** Deposition of Tasiya Oliver, at 64:2-13 (Wall Street NY & Orlando FL); **Ex. H,** Deposition of Rebecca Ledwell, at 69:3-17 (NC); P. Mem., **Ex. BB,** Declaration of Amy Smith, ¶13 (PA & AZ).

("At this first stage the court does not resolve factual disputes, decide ultimate issues on the merits, or make credibility determinations").

Defendants submit "happy camper" declarations stating that Tipped Employees: (1) did not work off-the-clock as a result of Safe and Secure or due to DASH's stringent timekeeping capabilities; (2) participated in a voluntary tip distribution policy; and (3) did not perform a substantial amount of non-tip producing side work.[13] *See In re Wells Fargo Wage & Hour Employment Practices Litig. (No. III)*, H-11-2266, 2012 WL 3308880, at *4 (S.D. Tex. Aug. 10, 2012) ("The court agrees with the *West* and *Creely* courts' characterizations of these types of declarations at the notice stage as being "happy camper" declarations and finds that because Plaintiffs have not had an opportunity to depose these declarants, it is inappropriate to afford significant weight to their substance.") (citations omitted). Moreover, as this Court has recently held, untested declarations such as those submitted by Defendants are premature at this first step, and, therefore, should not defeat conditional certification. *See, e.g., Morris v. Lettire Const., Corp.,* No. 12 Civ. 0043 (NRB), 2012 WL 4320462 (S.D.N.Y. Sept. 18, 2012) ("To rebut plaintiffs' showing, defendants urge the Court to consider a number of competing declarations. Doing so, however, would require the Court to evaluate credibility and determine the facts. Such actions are inappropriate at this stage."); *Ravenell v Avis Budget Car Rental, LLC*, No. 08 Civ. 2113 (SLT)(ALC), 2010 WL 2921508, at *5 (E.D.N.Y. July 19, 2010) ("[s]uch untested evidence ... cannot … defeat [plaintiffs'] entitlement to a preliminary determination that they are similarly situated to other [employees].").

---

[13]  Defendants also raise a number of issues related to the applicability of the 20% standard for which Plaintiffs' seek conditional certification. Such issues are inappropriate in a motion for conditional certification. Further, Defendants' contention that the 20% standard applies on a weekly basis rather than a shift by shift basis is without merit. Plaintiffs have claimed Defendants violated the standard daily thus, the result would be the same.

### III. The Court Should Grant Conditional Certification Notwithstanding Defendants' Claims Of A Formal Written Policy

Defendants claim that Tipped Employees were not subject to a common, unlawful policy or practice because Defendants have formal written policies governing working off-the-clock, side work,[14] and tip distribution. However, Courts have repeatedly refused to allow such evidence to defeat conditional certification where a plaintiff has established the policy was commonly violated. *See, e.g., Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 405 (S.D.N.Y. 2012) ("[T]he existence of a formal policy of requiring overtime pay should not immunize the defendant where the plaintiffs have presented evidence that this policy was commonly violated in practice.") (listing cases); *Levy v. Verizon Info. Services Inc.*, No. 06 Civ. 1583 (NG)(SMG), 2007 WL 1747104, *2 (E.D.N.Y. June 11, 2007) (granting conditional certification despite argument that defendant's written policy requiring payment of overtime meant that "any deviations from this provision ... are at best isolated incidents and do not implicate the company's overtime policy"). For notice to issue, Plaintiffs need only make a "modest factual showing" that they and the potential opt-ins were subject to a common policy that violated the FLSA. *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010).

Since TCG cannot deny that their companywide Safe and Secure Policy and timekeeping system are flawed, Defendants claim ignorance as a defense to conditional certification. To support their proposition, Defendants turn to distinguishable case law outside this circuit. *See White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869 (6th Cir. 2012); *Brown v. ScriptPro, LLC*, 700 F.3d 1222 (10th Cir. 2012). In both *White* and *Brown*, the fatal blow to plaintiffs' off-the-clock claims were that the employers were unaware off-the-clock time was occurring. *See White*, 699 F.3d at 876; *Brown,* 700 F.3d at 1230.

Here, Plaintiffs have testified that Defendants were aware that Plaintiffs at several TCG

---

[14]  Defendants' alleged zero to 30 minute policy for PUSW was never memorialized in writing. *See* Foye Tr. at 124-125:23-3.

locations were working off-the-clock. Tipped Employees' off-the-clock time occurred either because DASH prevented Plaintiffs from punching in or because they were forced to wait off the clock during Safe & Secure procedures. Additionally, Plaintiffs have established that although managers knew Plaintiffs were working off-the-clock[15], they did not always adjust their time to accurately reflect the hours worked. This was the practice despite Defendants' written policies. *See Kuebel v. Black & Decker Inc.,* 643 F.3d 352, 356–57 (2d Cir.2011) (employer did not allow the employee to report overtime). Moreover, the weight of the evidence establishes that, despite Defendants' insistence on an allegedly "voluntary" tip pool, Tipped Employees were required to tip out non-tip eligible employees a set amount per shift. *See Torres v. Cache Cache, Ltd.*, No. 12 Civ. 00150 (LTB) (KMT), 2012 WL 6652856 (D. Colo. Dec. 21, 2012); DOL FIELD OPERATIONS HANDBOOK §30D04(C).

Additionally, in *Brown*, the court found that the employer kept accurate records and plaintiff had failed to comply with timekeeping procedures. *Brown,* 700 F.3d at 1230. Here, Defendants failed to record the time Tipped Employees spent performing side work duties and Plaintiffs have testified that, despite Defendants' policy, they were required to perform a substantial amount of non-tip producing side work while being paid less than the full minimum wage.[16] *See Driver v. AppleIllinois, LLC*, No. 06 Civ. 6149 (GSB), 2012 WL 3716482 (N.D. Ill. Aug. 27, 2012).

As such, notwithstanding the existence of formal written policies, conditional certification is appropriate here because Plaintiffs have presented strong evidence of actual and *de facto* company-wide policies carried out at TCG restaurants nationwide which violate the FLSA. *See Winfield*, 2012 WL 423346, at *8 ("Conditional certification is appropriate even though the plaintiffs allege that the FLSA violations were caused by a widespread *de facto* policy

---

[15] P. Mem. **Ex. NN,** E-mail from Joseph Rossi.
[16] *See* fn. 2, *supra*.

carried out by individual managers.").

### IV. Several Of Defendants' Proposed Changes To Plaintiffs' Proposed Notice Are Unwarranted

Plaintiffs have reviewed Defendants' proposed notice and respectfully submit that many of the proposed changes are contrary to case law in this Circuit or are simply unwarranted. In the event the Court is inclined to grant Plaintiffs' Motion, it is respectfully requested that this matter be set for a conference to address the specifics of the Notice.

### V. Notice Should Be Sent To Tipped Employees Who Work Or Worked At TCG Within Three Years Of The Date Plaintiffs' Complaint Was Filed

Plaintiffs' proposed notice should cover similarly situated employees who work or worked at TCG restaurants nationwide, within three years from the date of Plaintiffs' complaint. Since, the statute of limitations for FLSA violations runs for each individual plaintiff until that plaintiff consents to join the action, notice is generally directed to those employed within three years of the date of the mailing of the notice. *Winfield*, 2012 WL 423346, *5. "However, because equitable tolling issues often arise for prospective plaintiffs, courts frequently permit notice to be keyed to the three year period prior to the filing of the complaint, 'with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date.'" *Id.* at *5 (*quoting Whitehorn,* 767 F.Supp.2d at 451); *see also Karic v Major Automotive Companies, Inc.*, 799 F. Supp. 2d 219 (E.D.N.Y. 2011) (Notice period three years from date complaint was filed).

Additionally, the case at bar presents complex issues as in or around November 2011, Defendants changed both their side work and tip share policies. Although Plaintiffs' have acted diligently in the litigation of their claims, the parties engaged in limited discovery and more than a year has passed since the initial filing of Plaintiffs' Complaint.  As a result without equitable tolling, many potential plaintiffs could be barred from exercising their rights under the FLSA.

Courts have granted such relief in FLSA cases on the grounds that "[t]he delay caused by the time required for a court to rule on a motion, such as one for certification of a collective action in a FLSA case, may be deemed an 'extraordinary circumstance' justifying application of the equitable tolling doctrine." *Yahraes v. Rest. Associates Events Corp.*, No. 10 Civ. 935 (SLT), 2011 WL 844963, at *2 (E.D.N.Y. March 8, 2011) (collecting cases). Further, during the course of litigation, Plaintiffs' records indicate Defendants have consented to 226 days of tolling, not 90 days as they suggest.

As such, a notice period dating three years back from the date Plaintiffs' complaint was filed and the equitable tolling of potential plaintiffs' statute of limitations to that time is appropriate considering the unique circumstances that this matter presents.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant Plaintiffs' request for: (i) preliminary certification of the FLSA claims as a collective action; (ii) Court-authorized notice of the FLSA claims to the potential opt-in plaintiffs; and (iii) expedited discovery of the names and contact information for all individuals employed by Defendants as a Tipped Employees at TCG restaurants nationwide from November 17, 2008 to the present.

Dated: New York, New York
        January 10, 2013

                        **FITAPELLI & SCHAFFER, LLP**

                        By:

                        s/ Joseph A. Fitapelli
                        Joseph A. Fitapelli
                        **FITAPELLI & SCHAFFER, LLP**
                        Joseph A. Fitapelli
                        Brian S. Schaffer
                        Eric J. Gitig
                        Frank J. Mazzaferro