UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AHMED CHHAB, KATHRYN SHRADER, LANCE FELDHUN, MICHAEL RELLA, VINCENT ANTHONY BORELAND, and ADRIANNE BENZION on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>DARDEN RESTAURANTS, INC., GMRI, INC., CAPITAL GRILLE HOLDINGS, INC. d/b/a THE CAPITAL GRILLE, and RARE HOSPITALITY INTERNATIONAL, INC.,<br><br>Defendants. | Index No. 11-CV-8345 (NRB) (JLC)<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

Defendants Darden Restaurants, Inc., GMRI, Inc., Capital Grille Holdings, Inc. d/b/a The Capital Grille, and RARE Hospitality International, Inc. ("Defendants"), by and through their attorneys, Littler Mendelson, P.C., hereby submit this Reply to Plaintiffs' Notice of Supplemental Authority in Further Support of their Motion for Collective Action Certification.

Faced with testimony and evidence that falls significantly short of establishing a common unlawful policy or plan needed for conditional certification, Plaintiffs inexplicably bring to the Court's attention, the decision in *Amador v. Morgan Stanley & Co. LLC, et al.*, No. 11 Civ. 04326 (RJS) (S.D.N.Y. February 7, 2013). *Amador*, however, shares little relevance or resemblance to the instant case. It is, in fact, somewhat of a mystery as to why Plaintiffs have presented this decision to the Court as noteworthy. First, *Amador*, a case having nothing to do with restaurants, does not present any new standards for conditional certification. Both before and after *Amador*, Plaintiffs carry the burden of showing that they are similarly situated to putative collective members by presenting evidence sufficient to establish that plaintiffs and

1

potential collective members "together were victims of a common policy or plan that violated the law."[1] Second, the facts presented in *Amador*, unlike the facts in this case, reflect violations of the law that were both egregious and common to the class. These include: being told not to record overtime hours; having worked overtime hours deleted from time records; being directed to delete worked overtime hours from time records, and being discouraged from asking for overtime pay for worked overtime. The *Amador* court concluded that these practices resulted in violations that were common, and thus found that conditional certification was appropriate.

Plainly, these types of common violations do not exist in the instant case with respect to Plaintiffs' off the clock claims. Here, Plaintiffs were neither directed to inaccurately record their hours nor discouraged from accurately recording their hours.[2] Plaintiffs likewise offered no evidence that they had their hours altered or deleted in order to eliminate worked overtime. In fact, to the extent that some Plaintiffs may have allegedly worked off the clock, Plaintiffs admit that such off the clock work was due to their own deliberate violations[3] of Defendants' time-recording policies.[4]

The same rings true with respect to Plaintiffs' tip share claim. The evidence presented by Plaintiffs on this claim establishes that there is no uniformity as to whether TCG locations maintained polishers, let alone required that they be tipped out.[5] Indeed, the tipping out of dishwashers occurred at only one location, and there, the evidence reflects that the practice was

---

[1] *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (citation omitted); *Amandor*, No. 11 Civ. 04326, at p.3.

[2] Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion For Preliminary Certification Pursuant to the Fair Labor Standards Act, for Court-Authorized Notice to Similarly Situated Persons and for Expedited Discovery ("Def. Opp.") **Ex. 60** at 203:5-25; **Ex. 3** at 98:24-99:13; **Ex. 1** at 52:10-19.

[3] Def. Opp. **Ex.1** at 52:20-53:3; **Ex. 2** at 215:16-24; **Ex. 3**, at 91:15-19, 98:17-99:3, 154:21-155:2; **Ex. 4** at 68:21-69:8; **Ex. 5** at 102:15-103:14.

[4] The only actual deviation established by Plaintiffs for off the clock work was in relation to Defendants' Safe and Secure policy, and even there, the deviation occurred at a single location and was immediately cured upon Defendants' discovery. *See* Def. Opp. **Ex. 9** at 157:24-158:8; *see also* Def. Opp. at pp. 9-10.

[5] *See id.* at pp. 5-6 and 16-17.

2

voluntary and discouraged by that location's management.[6] In this respect, there is not even a claim of commonality, much less proof of the same.

Similarly, Plaintiffs have failed to establish any type of common illegality with respect to Defendants' side work policies.[7] As reflected in Defendants' memorandum of law in opposition to Plaintiffs' motion for conditional certification, for the Court to even make a determination as to whether a common unlawful practice or deviation existed for that claim would be impossible. At a minimum, it would require a person to person, day to day inquiry into numerous factual assessments, including the type of shift worked (breakfast, lunch, or dinner), day of the week, time of the year, when the first guest was seated, when the final guests left, whether the member opened the shift, whether the member closed the shift, the location's hours, staffing level, whether the member was assigned opening side work, whether the member was assigned closing side work, the member's experience/skill, the side work completed on the prior shift, the nature of the side work assigned, the number of assignments for the day, and whether the member manipulated his or her time records that day.[8] Conditional certification is inappropriate in these instances, where such a high level of individualized inquiry is necessary.[9] There is nothing in the *Amador* decision that even addresses this issue.

In *Amador*, Judge Sullivan granted the motion for conditional certification on the overtime claims because there was sufficient evidence of violations that were egregious and common. Here, to the contrary, the evidence establishes that the alleged violations at issue are not only uncommon, but also require significant individualized inquiries in order to determine if

---

[6] *See id.* at fn. 28.

[7] *See Id.* at 17-20.

[8] *See id.* at 20-21.

[9] *See Gillian v. Starjem Rest. Corp.*, 2011 U.S. Dist. LEXIS 115833 (S.D.N.Y. Oct. 4, 2011) (Rackoff, J.) (denying conditional certification because any determination as to whether the employer's practices violated the minimum wage and overtime provisions of the FLSA would require an inquiry into "the number of hours each individual worked on a particular shift, as well as the number of hours each individual worked in a particular week.").

a violation existed at all.

For the foregoing reasons and those set forth more fully in Defendants' memorandum of law in opposition to Plaintiffs' motion for conditional certification, Defendants respectfully request that this Court deny Plaintiffs' motion for conditional certification.

Dated: New York, New York
March 1, 2013

>Respectfully Submitted,
>
>**LITTLER MENDELSON, P.C.**
>
>By:   */s/ Craig R. Benson*
>Craig R. Benson
>Sarah E. Moss
>900 Third Avenue, 8th Floor
>New York, New York 10022
>Telephone: (212) 583-9600
>
>*Attorneys for Defendants*