UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AHMED CHHAB, KATHRYN SHRADER, LANCE FELDHUN, MICHAEL RELLA, VINCENT ANTHONY BORELAND, and ADRIANNE BENZION on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>DARDEN RESTAURANTS, INC., GMRI, INC., CAPITAL GRILLE HOLDINGS, INC. d/b/a THE CAPITAL GRILLE, and RARE HOSPITALITY INTERNATIONAL, INC.,<br><br>Defendants. | Index No. 11-CV-8345 (NRB) (JLC)<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' THIRD NOTICE OF SUPPLEMENTAL AUTHORITY** |

Defendants, by and through their attorneys, Littler Mendelson, P.C., hereby submit this Reply to Plaintiffs' Third Notice of Supplemental Authority. Plaintiffs' latest filing, citing to the case of *Alequin v. Darden Restaurants, Inc., et al.*, No. 12 Civ. 61742, 2013 U.S. Dist. LEXIS 99458 (S.D. Fla. July 12, 2013), does not support their position in the instant litigation. As will be demonstrated below, the case is neither legally nor factually analogous to the instant case.

**I.   *ALEQUIN* WAS DECIDED USING A MATERIALLY DIFFERENT AND INAPPLICABLE STANDARD FOR CONDITIONAL CERTIFICATION**

It is undisputed that, in the Second Circuit, a plaintiff must provide actual evidence of a common policy or plan that violates the law. *Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010) (citation omitted).[1]   However, *Alequin* expressly rejects this requirement and follows what it

---

[1] This standard is followed by a majority of federal district courts. *See, e.g., Simmons v. T-Mobile USA, Inc.*, No. H-06-1820, 2007 U.S. Dist. LEXIS 5002, at *19 (S.D. Tex. Jan. 24, 2007) (a plaintiff must "make a 'modest factual showing sufficient to demonstrate that [he or she] and potential plaintiffs together were victims of a common policy or plan that violated the law."); *Collins v. Barney's Barn, Inc.*, 2013 U.S. Dist. LEXIS 54955, at * (E.D. Ark. Apr. 17, 2013) (same); *Kautsch v. Premier Commc'ns*, 504 F. Supp. 2d 685, 689 (W.D. Mo. 2007) (same); *Ballou v. i-Talk, LLC*, 2013 U.S. Dist. LEXIS 107546, at *8 (N.D. Ill. July 31, 2013) (same); *Byard v. Verizon West Virginia, Inc.*, 287 F.R.D. 365, 365 (N.D. W.Va. 2012) ("District courts in this Circuit have found conditional certification

1

considers to be a completely different standard in the Eleventh Circuit:

> While a showing of a general corporate policy in violation of the law might be required to prove the commonality required of a Rule 23 class action, *see Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2546 (2011), collective actions under the FLSA carry no such requirement. Plaintiffs at the conditional certification stage are therefore not required to demonstrate a unified, explicit scheme of FLSA violations, but rather must show only that they are similarly situated with respect to general workplace policies and practices.

*Alequin*, 2013 U.S. Dist. LEXIS 99458, at *20-21. This is a fundamental distinction from the applicable Second Circuit standard. Courts in the Second Circuit have repeatedly stated that common lawful policies and practices cannot form the basis for conditional certification. *See Eng-Hatcher v. Sprint Nextel Corp.*, 2009 U.S. Dist. LEXIS 127262 (S.D.N.Y. Nov. 13, 2009) (the existence of a common presumptively legal policy does not warrant certification); *Brickey v. DolgenCorp.*, 272 F.R.D. 344 (W.D.N.Y. 2011) (same). Given this clear distinction, the legal analysis and conclusions in *Alequin* are immaterial with respect to the instant case. This is especially so here, where the only common policies present are lawful ones. (*See* Defendant's Brief In Opposition To Conditional Certification ("Defendants' Opposition"), at pp. 11-18.)

## II. *ALEQUIN* WAS DECIDED ON SUBSTANTIALLY DIFFERENT FACTS

In addition to the legal distinction, the factual basis on which conditional certification was granted in *Alequin* also distinguishes it from the instant case.. First, The Capital Grille is not a restaurant brand at issue there, meaning that none of the court's factual findings apply to the job duties or wage policies and practices applicable to Plaintiffs. Moreover, the court in *Alequin* relied heavily on evidence submitted by those plaintiffs about Department of Labor investigations that the plaintiffs asserted as an indication of multiple FLSA violations at the

---

appropriate where plaintiffs put forward at least a 'modest factual showing' that the members of the putative class were victims of a common policy or practice that violated the FLSA.")

restaurants in that case, and allegations by those plaintiffs that their time records were altered by their managers. *Alequin*, 2013 U.S. Dist. LEXIS 99458, at *21-22. There are no such allegations here. In fact, Plaintiffs here initially alleged in their Amended Complaint (*see* ¶ 10) that their time records had been altered, but purposely chose not to include that allegation in their motion for conditional certification – perhaps because Plaintiffs testified that, in fact, their time records were never altered or deleted to remove overtime.[2] Plainly stated, the factual predicate for granting conditional certification in *Alequin* is simply not present in the instant case.

For the foregoing reasons, Defendants respectfully urge this Court to disregard *Alequin* and deny Plaintiffs' motion for conditional certification.

Dated:  New York, New York
        August 20, 2013               Respectfully Submitted,

                                        **LITTLER MENDELSON, P.C.**

                              By:   */s/ Craig R. Benson*
                                        Craig R. Benson
                                        John Ybarra
                                        Sarah E. Moss
                                        900 Third Avenue, 8th Floor
                                        New York, New York 10022

                                        *Attorneys for Defendants*

---

[2] **Ex. D** to Defendants' Opposition, Deposition of Adrienne Benzion 135:21-136:6; **Ex. E** to Defendants' Opposition, Vincent Boreland Deposition 65:17-21; **Ex. F** to Defendants' Opposition, Deposition of Rebecca Ledwell 465:2-8.