# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

AHMED CHHAB, KATHRYN SHRADER, LANCE FELDHUN, MICHAEL RELLA, VINCENT ANTHONY BORELAND, and ADRIANNE BENZION on behalf of themselves and all others similarly situated,

Plaintiffs,

-against-

DARDEN RESTAURANTS, INC., GMRI, INC., CAPITAL GRILLE HOLDINGS, INC. d/b/a THE CAPITAL GRILLE, and RARE HOSPITALITY INTERNATIONAL, INC.,

Defendants.

11 Civ. 8345 (NRB)

### JOINT STIPULATION OF SETTLEMENT AND RELEASE

This Joint Stipulation of Settlement and Release (the "Agreement") is entered into by and between Plaintiffs (as hereinafter defined) and the class of individuals that they seek to represent (as hereinafter defined) and Defendants (as hereinafter defined).

### RECITALS

WHEREAS, Plaintiff Ahmed Chhab commenced this putative Collective and Class action under the Fair Labor Standards Act and New York Labor Law on November 17, 2011.

WHEREAS, on March 1, 2012, Plaintiffs Kathryn Shrader, Lance Feldhun, Michael Rella, Vincent Boreland and Adrianne Benzion joined the instant action in filling the First Amended Class and Collective Action Complaint which sought recovery of, among other things, unpaid minimum wages, unpaid overtime compensation, unpaid spread-of-hours pay, tip credit claims, tip misappropriation claims, unpaid uniform expenses and damages for unlawful deductions, damages for failure to provide wage notices and statements, liquidated damages, and attorneys' fees and costs;

WHEREAS, Defendants, as defined herein, collectively and individually, denied and continue to deny all of the allegations made by Plaintiffs in the Litigation (as hereinafter defined) and have denied and continue to deny that they are liable or owe damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation. Nonetheless, without admitting or conceding any liability or damages whatsoever, Defendants have agreed to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation;

WHEREAS, Defendants have agreed to pay the Settlement Payment (as hereinafter defined) to settle the claims alleged in the Complaint;

WHEREAS, Class Counsel (as hereinafter defined) has conducted extensive investigation including, but not limited to, interviewing and obtaining declarations from Plaintiffs and potential Class Members, depositions of Plaintiffs, Opt-In Plaintiffs and Defendants' Representatives, reviewing documents produced by Defendants, and analyzing time, payroll, side work charts, and tip allocation records;

WHEREAS, the Parties participated in a mediation session of this matter on September 29, 2015 conducted by Martin F. Scheinman, Esq.;

WHEREAS, Class Counsel has analyzed and evaluated the merits of the claims made against Defendants in the Litigation, and the impact of this Agreement on Plaintiffs and the Class (as hereinafter defined); and

WHEREAS, based upon their analysis and their evaluation of a number of factors, and recognizing the substantial risks of continued litigation with respect to certain claims, including the possibility that the Litigation, if not settled now, might result in a recovery that is less favorable to the Class, and that would not occur for several years, Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interests of the Class.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

## 1.  DEFINITIONS

The defined terms set forth herein shall have the meanings ascribed to them below.

**1.1**  *Agreement.*  "Agreement" shall mean this Joint Stipulation of Settlement and Release Agreement.

**1.2**  *Claim Bar Date.*  "Claim Bar Date" shall mean the last date for a FRCP 23 Class Member to perform one of the following acts as further defined in this Agreement: (i) file a Claim Form; (ii) opt-out of the Litigation, or; (iii) file a timely objection to the proposed settlement, which shall be 60 calendar days after the Claims Administrator mails the Notice pursuant to Section 2.5(b).

**1.3**  *Claim Form.*  "Claim Form" shall mean the form, a copy of which is attached to the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing, that the Class Members must sign and return postmarked by the Claim Bar Date in the form attached hereto as **Exhibit 1**. The Claim Form must be timely filed with the Claims Administrator for a Class Member to be eligible to receive an Individual Settlement Allocation, as defined herein.

1.4   *Claims Administrator.*  "Claims Administrator" shall mean the entity selected to provide notice to the Class and administer payment of the settlement to Class Members.   Plaintiffs and Defendants shall mutually select the Claims Administrator.   The Claims Administrator is Kurtzman Carson Consultants LLC.

1.5   *Class Counsel.*  "Class Counsel" shall mean Fitapelli & Schaffer, LLP and Joseph & Kirschenbaum, LLP.   For purposes of providing any notices required under this Agreement, Class Counsel shall refer to Joseph A. Fitapelli and Frank J. Mazzaferro, Fitapelli & Schaffer, LLP 475 Park Avenue South, 12th Floor, New York, NY 10016.

1.6   *Class Claimant.*  "Class Claimant" shall mean a FRCP 23 Class Member who files a Claim Form and Release, postmarked on or before the Claim Bar Date, electing to participate in the settlement of this Litigation.

1.7   *Court.*  "Court" shall mean the United States District Court for the Southern District of New York, the Honorable Naomi Reice Buchwald, U.S.D.J. presiding.

1.8   *Defendants.*  "Defendants" shall mean Darden Restaurants, Inc., GMRI, Inc., Capital Grille Holdings, Inc. d/b/a The Capital Grille, and RARE Hospitality International, Inc.

1.9   *Defendants' Counsel.*  "Defendants' Counsel" shall mean Littler Mendelson P.C. For purposes of providing any notices required under this Agreement, Defendants' Counsel shall refer to Craig R. Benson, Esq., Littler Mendelson P.C., 900 Third Avenue, New York, NY 10022.

1.10  *Effective; Effective Date.*  "Effective" shall mean the occurrence of all of the following, and "Effective Date" shall be the date that all of the following have occurred:

(A)   the Court has entered Judgment and ruled on the motions for awards of service payments to Plaintiffs pursuant to Section 3.3 and for attorneys' fees and reasonable costs pursuant to Section 3.2; and

(B)   the Judgment and the rulings on such motions have become Final. "Final" means the later of:

(1)   31 days after the Court enters Judgment if no reconsideration or rehearing is sought;

(2)   If rehearing or reconsideration is sought, after any and all avenues of rehearing or reconsideration have been exhausted and no further rehearing or reconsideration is permitted, and the time for seeking such review has expired, and the Judgment and rulings on service awards and attorneys' fees and reasonable costs have not been modified, amended or reversed in any way.

**1.11**  *Fairness Hearing.*  "Fairness Hearing" shall mean the hearing on the Motion for Judgment and Final Approval and shall not occur earlier than ninety (90) days after the Order Granting Preliminary Approval.

**1.12**  *Fee Award.*  "Fee Award" shall mean Defendants' agreed upon payment of attorneys' fees of Six Hundred Eighty Seven Thousand Eight Hundred Sixty Nine Dollars and 36/100 ($687,869.36) and costs of Sixty-Two Thousand One Hundred Thirty Dollars and 64/100 ($62,130.64) as described in Section 3.2.

**1.13**  *FLSA.*  "FLSA" shall mean the Fair Labor Standards Act.

**1.14**  *FLSA Collective Members.*  "FLSA Collective Members" shall mean the approximately 540 individuals who have already opted into the Litigation.

**1.15**  *FLSA Settlement Fund.*  "FLSA Settlement Fund" shall mean the Five Hundred Forty-One Thousand Dollars ($541,000) allocated to FLSA Collective Members from the Settlement Fund in accordance with Section 3.5(D).

**1.16**  *FRCP 23 Class; FRCP Class Members.*  The "FRCP 23 Class" shall mean all individuals, approximately 408 servers and bartenders, employed at the Capital Grille Restaurants located at: 155 East 42nd Street, New York, New York 10017; 120 West 51st Street, New York, New York 10020; 120 Broadway, New York, New York 10271; from November 17, 2005 through September 29, 2015.

**1.17**  *FRCP 23 Settlement Fund.*  "FRCP 23 Settlement Fund" means the One Million Twenty Thousand Dollars ($1,020,000) allocated to the FRCP 23 Class Members from the Settlement Fund in accordance with Section 3.5(D).

**1.18**  *Litigation.*  "Litigation" shall mean *Chhab et al. v. Darden Restaurants Inc. et al.*, Case No. 11 Civ. 8345 (NRB), pending in the United States District Court for the Southern District of New York.

**1.19**  *Net Settlement Fund.*  "Net Settlement Fund" shall mean the remainder of the Settlement Fund after deductions for the Attorneys' Costs and Fees as described in Section 3.2, court-approved service payments to Plaintiffs as described in Section 3.3, and Plaintiff Chhab's settlement payment for Chhab's Retaliation claims as described in Section 3.4. The Net Settlement Fund does not include employer's portion of the payroll taxes or the Claims Administration fees which Defendants will pay separately.

**1.20**  *Order Granting Final Approval or Final Order and Judgment.*  "Order Granting Final Approval" or "Final Order and Judgment" shall mean the final Order entered by the Court after the Fairness Hearing.

**1.21**  *Order Granting Preliminary Approval.*  "Order Granting Preliminary Approval" shall mean the Order entered by the Court preliminarily approving, *inter alia*, the terms and conditions of this Agreement, the manner and timing of providing notice to the Class, and the time period for opt-outs and objections.

1.22   *Parties.*   "Parties" shall mean Plaintiffs, the FRCP 23 Class, FLSA Collective, and Defendants.

1.23   *Plaintiffs.*   "Plaintiffs" shall refer to the Named Plaintiffs in this Litigation, Ahmed Chhab, Kathryn Shrader, Lance Feldhun, Michael Rella, Vincent Boreland, and Adrianne Benzion, or any and all representatives, heirs, administrators, executors, beneficiaries, agents, and assigns of such individuals, as applicable and without limitation.

1.24   *Reserve Fund.*   "Reserve Fund" means the Twenty-Five Thousand Dollars ($25,000) set aside from the FRCP 23 Settlement Fund to cover errors and omissions, i.e. individuals who should have been included in the Class list or whose dates of employment were incorrect. The Claims Administrator shall add any unpaid amount of the Reserve Fund prior to making the first distribution of the settlement funds.

1.25   *Settlement Fund Account.*   "Settlement Fund Account" shall mean the FDIC insured account created and controlled by the Claims Administrator.

1.26   *Settlement Fund.*   A "Settlement Fund" not to exceed Two Million Three Hundred Eighty Six Thousand dollars ($2,386,000) shall be the maximum aggregate to be paid by the Defendants, which shall include only payments to all FRCP 23 Class Members who file a timely claim as provided for in this Agreement, FLSA Collective Members who deposit their settlement check, the Fee Award to Class Counsel, Service Payments to Plaintiffs, and payment to Plaintiff Chhab for his retaliation claim. This amount is exclusive of the employer's portion of payroll tax and Claims Administration fees which Defendants will pay separately.

1.27   *Settlement Payment.* "Settlement Payment" shall mean the aggregate of all claims by FRCP 23 Class Members, FLSA Collective Members, plus Service Payments, plus the Fee Award.

## 2.   APPROVAL AND CLASS NOTICE

2.1   **Retention of Claims Administrator.**   The Claims Administrator shall be responsible for the claims administration process and distributions to Class Members as provided herein. Class Counsel and Defendants shall mutually agree on a Claims Administrator. The Parties agree to cooperate with the Claims Administrator and assist it in any way possible in administering the Settlement. Defendants' Counsel and Class Counsel have the right to make inquiries and receive any information from the Claims Administrator related to the claims administration process. Defendant will be responsible for paying the Claims Administrator's fees separately from the settlement fund.

2.2   **Preliminary Approval by the Court.**   Within 15 days of the date on which this Agreement is fully executed, Plaintiffs will submit to the Court a Motion for an Order Conditionally Certifying the Settlement Class including Plaintiffs and a Rule 23 Class covering New York state law claims and Preliminarily Approving the

Class Action Settlement ("Preliminary Approval Motion"). In connection with the Preliminary Approval Motion, Plaintiffs will submit to the Court, among other things, (a) a proposed Notice of Settlement of the Class Action Lawsuit and Fairness Hearing, and (b) a proposed Order Granting Preliminary Approval, which shall include the findings required by Federal Rule of Civil Procedure 23(a) and (b)(3). The Preliminary Approval Motion will seek the setting of dates for opt-outs, objections, and a Fairness Hearing.   Defendants will not oppose the Preliminary Approval Motion, provided that it complies with the terms of the Agreement.

2.3   **Denial of Preliminary Approval.**   If the Court denies the Motion for Preliminary Approval, the Parties jointly agree to meet and confer to discuss whether it is feasible to seek reconsideration of the ruling or seek Court approval of a renegotiated settlement. Should a motion for reconsideration and/or the Parties' attempt to secure Court approval of a renegotiated settlement be denied, the case will proceed as if no settlement had been attempted. The Plaintiffs shall retain the right to seek class certification, Plaintiffs FLSA Collective will remain conditionally certified, and Defendants retain all rights to oppose certification and move for decertification. In such a case, the Parties will negotiate and submit for Court approval a revised case management schedule.

2.4   **Final Order and Judgment from the Court.**   Plaintiffs will seek to obtain from the Court, as a condition of settlement, a Final Order and Judgment.   The Proposed Final Order and Judgment will, among other things, (a) certify the FRCP 23 Class for purposes of settlement, (b) enter Judgment in accordance with this Agreement, (c) approve the settlement as fair, adequate, reasonable, and binding on all FRCP 23 Class Members who have not timely opted out and all FLSA Collective Members that deposit their check, (d) dismiss the Litigation with prejudice, (e) enter an order permanently enjoining all FRCP 23 Class Members who do not opt out and all FLSA Collective members who deposit their checks from pursuing and/or seeking to reopen claims that have been released by this Agreement, and (f) incorporate the terms of this Settlement and Release. Defendants will not oppose the application for the Final Order and Judgment provided that it complies with the terms of this Agreement.

2.5   **Class Notice.**

(A)   Within thirty (30) calendar days of the date of the Order Granting Preliminary Approval, Defendants will provide the Claims Administrator and Class Counsel with a list, in electronic form, of the names, dates of employment, last known addresses, and social security numbers for the FRCP 23 Class Members and FLSA Collective Members. Class Counsel shall provide the Claims Administrator with any updated or different addresses they obtain from FRCP 23 Class Members and FLSA Collective Members prior to the Claim Bar Date, subject to Section 2.5(D) below.

(B)   Within forty (60) calendar days after receiving the Order granting Preliminary Approval, the Claims Administrator shall mail, via First Class

6

United States mail, postage prepaid, the Court-Approved Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing to all FRCP 23 Class Members and Claim Form (together, "the Notice") using each individual's last known address as recorded in Defendants' records updated by Class Counsel, as set forth in Section 2.5(A) above.

(C)     Within forty (60) days of the Court's Preliminary Approval Order, the Claims Administrator shall mail to all FLSA Collective Members via First Class United States mail, postage prepaid, the Notice, using each individual's last known address, as recorded in Defendants' records updated by Class Counsel, as set forth in Section 2.5(A) above, to the extent the FLSA Collective Members are not otherwise receiving the Notice provided in the preceding paragraph.

(D)     In the event a Notice is returned undeliverable, the Claims Administrator shall take all reasonable steps, including a skip trace search, to obtain the correct addresses of FRCP 23 and FLSA Collective Members, and shall attempt one re-mailing to each updated address. There shall be no further mailings of the Notice unless a new address is furnished prior to the Claim Bar Date by a Class Member. The Bar Date shall be (i) sixty (60) days from the date of the initial mailing or as otherwise set by the Court, and (ii) an additional thirty (30) days for any Class Members who were unable to file the Claim Form within sixty days due to change of address, military service, hospitalization, or other extraordinary circumstances precluding timely submission. To the extent that the envelope does not contain a postmark, the date that the Class Administrator stamps the envelope or claim form "received" shall apply.

(E)     The Claims Administrator shall also send one reminder postcard to all FRCP 23 Class Members who have not made a claim, opted-out or objected to the settlement. The reminder postcard shall be sent thirty (30) days after the date that the Claims Administrator mails the initial Notice, pursuant to Paragraph 2.5(B).

## 2.6    FRCP 23 Class Member Opt-Out.

(A)     Any Class Member may request exclusion from the settlement of this Litigation by "opting out." Class Members who choose to do so must mail a written, signed statement to the Claims Administrator that he or she is opting out of the Litigation ("Opt-Out Statement"). The Opt-Out Statement must contain the name, address, and telephone number of the Class Member to be valid. It must also contain words that clearly describe his or her intention to opt-out, such as: "I elect to exclude myself from the settlement in the Capital Grille Litigation" or words of similar effect in order to be valid. To be effective, such Opt-Out Statements and enclosures must also be sent via First Class United States Mail and postmarked by the Claim Bar Date, which will be specified on the Notice. The Claim Bar Date will be

sixty (60) calendar days after the Claims Administrator mails the Notice.

(B)     The Claims Administrator shall stamp the postmark date on the original of each Opt-Out Statement that it receives and shall serve copies of each Statement on Class Counsel and Defendants' Counsel not later than three (3) calendar days after receipt thereof. The Claims Administrator shall provide all Opt-out Statements in its compliance affidavit to be filed with the Application for Final Approval. The Claims Administrator shall retain the stamped originals of all Opt-Out Statements and originals of all envelopes accompanying Opt-Out Statements in its files until such time as the Claims Administrator is relieved of its duties and responsibilities under this Agreement.

## 2.7    FRCP 23 Class Member Claims.

(A)     A FRCP 23 Class Member who submits a timely and properly and fully completed Claim Form and Release, postmarked by the Claim Bar Date, pursuant to Section 2.5(D), will be deemed eligible to receive an Individual Settlement Allocation hereunder. To be valid, the Claim Form and Release must be signed by the Class Member. Payments will be made by check issued by the Claims Administrator. The Claim Form shall request the Class Member's name, mailing address, and signature.

(B)     Neither Defendants, their attorneys or agents, nor the Claims Administrator shall encourage or discourage any FRCP 23 Class Member from filing the Claim Form and Release in any manner, and will not have any unsolicited contact with any FRCP 23 Class Member regarding the Litigation. If Defendants or their agents, including their attorneys, receive an inquiry from a FRCP 23 Class Member about participation in this settlement, they shall not discuss the issue with the FRCP 23 Class Member and shall refer the FRCP 23 Class Member to the Claims Administrator by providing the FRCP 23 Class Member with the Claims Administrator's telephone number.  The sending of an e-mail by Defendants to all of its affected restaurant locations instructing managers in accordance with this paragraph, shall suffice as compliance with this paragraph as to inquiries received by FRCP 23 Class Members at the restaurant level.  Neither Defendants, their agents, nor the Claims Administrator shall encourage or discourage FRCP 23 Class Members from participating in the settlement in any way.

## 2.8    Objections to Settlement.

(A)     FRCP 23 Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing stating the grounds for the objection specifically. Failure to state the specific grounds for an objection renders the objection invalid. To be valid, an objection also must be sent to the Claims Administrator via First-Class United States mail,

8

postage prepaid, and be received by the Claims Administrator by the Claim Bar Date, to be specified on the Notice of Proposed Class Action Lawsuit and Fairness Hearing. The written objection must also contain the words, "I object to the settlement in the Capital Grille Litigation." Failure to include these words renders the objection invalid. The Claim Bar Date shall be sixty (60) calendar days after the initial mailing of the Notice by the Claims Administrator. The Claims Administrator shall stamp the date received on the original objection and send copies of each objection to Class Counsel and Defendants' Counsel not later than three (3) calendar days after receipt thereof. The Claims Administrator shall provide all Opt-out Statements in its compliance affidavit to be filed with the Application for Final Approval.

(B)     An objector also has the right to appear at the Fairness Hearing either in person or through counsel hired by the objector. An objector who wishes to appear and speak at the Fairness Hearing must state his or her intention to do so in writing at the time he or she submits his or her written objections. An objector who does not state his or her intention to appear and speak at the Fairness Hearing may not do so. An objector may withdraw his or her objections at any time. No objector may appear and object at the Fairness Hearing unless he or she has filed a timely objection that complies with the procedures provided in Section 2.8(A) and (B). Any FRCP 23 Class Member who has submitted an Opt-Out Form may not submit objections to the settlement or speak at the Fairness Hearing.

(C)     The Parties may file with the Court written responses to any filed objections no later than fifteen (15) calendar days before the Fairness Hearing.

**2.9     Motion for Judgment and Final Approval.**   No later than fifteen (15) calendar days before the Fairness Hearing, Plaintiffs will submit a Motion for Judgment and Final Approval. The Fairness Hearing shall be held at the Court's convenience, at least (30) days after the Claim Bar Date.

**2.10    Entry of Judgment.**   At the Fairness Hearing, the Parties will request that the Court, among other things, (a) finally certify the FRCP 23 Class for purposes of settlement; (b) enter Judgment in accordance with this Agreement; (c) approve the settlement as fair, adequate, reasonable, and binding on Plaintiffs, all FRCP 23 Class Members that have not timely opted out, and all FLSA Collective Members who deposit their settlement check; (d) approve the FLSA Settlement; (e) order the Claims Administrator to distribute settlement checks to the Class Claimants, settlement checks to the FLSA Collective Members, and Service Payments, if any, as described in this Agreement; (f) approve the payment of attorneys' fees and costs to Class Counsel; (g) dismiss the Litigation with prejudice; (h) enter an order permanently enjoining FRCP 23 Class Members from pursuing and/or seeking to reopen claims that have been released pursuant to this Agreement; (i) enjoin any FLSA Collective Members who deposit their settlement check from pursuing and/or seeking to reopen claims that have been released pursuant to this Agreement; (j) incorporate the terms of this Joint Stipulation of Settlement and

9

Release, and (k) retain jurisdiction over the interpretation and implementation of this Agreement, as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

**2.11**   **Effect of Failure to Grant Final Approval.**   In the event the Court fails to enter Judgment in accordance with this Agreement, or such Judgment does not become Final as defined herein, the Parties shall proceed as follows: The Parties jointly agree to (a) seek reconsideration of the decision denying entry of Judgment, or (b) attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement. In the event any reconsideration is denied, or a mutually agreed-upon settlement is not approved:

(A)   The Litigation will proceed as if no settlement had been attempted. In that event, the FRCP 23 class certified for purposes of settlement shall be decertified;

(B)   The FLSA Collective will remain conditionally certified; and

(C)   The Court will provide notice to FRCP 23 Class Members and FLSA Collective Members that the Agreement did not become final and, as a result, no payments will be made under the Agreement.   Such notice shall be mailed by the Claims Administrator via First Class United States Mail, postage prepaid, to the last address used by the Claims Administrator in mailing the Notice.

**3.**   **SETTLEMENT TERMS**

**3.1**   **Settlement Payment.**

(A)   Defendants, jointly and severally, agree to pay a sum of up to Two Million Three Hundred Eighty-Six Thousand Dollars ($2,386,000) which shall resolve and satisfy: (a) court-approved attorneys' fees and costs; (b) all gross amounts to be paid to FRCP 23 Class Members and FLSA Collective Members; and (c) court-approved Service Payments to Plaintiffs. Defendants agree to separately pay employer payroll taxes and Claims Administration fees consistent with this Agreement.

(B)   Defendants shall deposit the gross total Settlement Payment into the Qualified Settlement Fund one business day after the Effective Date. The Claims Administrator will act as an escrow agent and will have the authority to release the Settlement Amount from escrow immediately for purposes of administering the Settlement reflected in this Agreement immediately following the Effective Date. Any interest accrued on the Escrow deposit shall immediately be added to and become part of the Settlement Payment.

(C)   Within ten (10) calendar days of the Effective Date, the Claims

Administrator will distribute the money in the Settlement Fund Account by making the following payments:

    i.  Paying Class Counsel Court-approved attorneys' fees and costs as described in Section 3.2(A);

    ii.  Paying the Court-approved service payments as described in Section 3.3 ;

    iii.  Paying Qualified FRCP 23 Class Members and all FLSA Collective Members their portion of the Net Settlement Fund as described in Section 3.5.

**3.2**    **Settlement Amounts Payable as Attorneys' Fees and Costs.**

    (A)    Subject to Court approval, Defendants have agreed to pay Class Counsel $687,869.36 as attorneys' fees and $62,130.64 as reimbursement of their reasonable costs and expenses. Attorneys' fees and costs will come from the Gross Settlement Amount. The attorneys' fees are to compensate Class Counsel for all work already performed in the Litigation, and all the work remaining to be performed in documenting the settlement, securing Court approval of the settlement, making sure the settlement is fairly administered and implemented, and obtaining dismissal with prejudice of the Litigation. The approved attorneys' fees and costs shall be paid from the Gross Settlement Amount. Defendants will not oppose such application, so long as such application reflects the terms of the Agreement.

    (B)    The substance of Class Counsel's application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation.  The outcome of any proceeding related to Class Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Judgment and Final Approval. Any monies under Section 3.2(A) not approved by the Court revert to Defendants.

**3.3**    **Service Payments to Plaintiffs.**

    (A)    Plaintiffs Ahmed Chhab, Kathryn Shrader, Lance Feldhun, Michael Rella, Vincent Boreland, and Adrianne Benzion will apply to the Court to receive the following amounts: Chhab: $10,000; Shrader: $10,000; Feldhun: $10,000; Rella: $8,000; Boreland: $5,000; Benzion: $7,000, each from the Settlement Fund for services rendered to the Class ("Service Payments").

    (B)    Defendants will not oppose such application.

    (C)    To the extent granted by the Court, the service payments and the requirements for obtaining such payments are separate and apart from, and

in addition to, Plaintiffs' recovery from the Net Settlement Payment. The substance of the above-referenced Plaintiffs' application for service awards is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of the Court's ruling on the application for service payments shall not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Judgment and Final Approval. Any monies not approved by the Court become part of the Net Settlement Fund. If a Plaintiff opts-out of the settlement, he and/or she is not entitled to a service payment.

**3.4   Payment to Ahmed Chhab for Retaliation Claims.**

(A)   Separately from Sections 3.2, 3.3, Defendants will provide Plaintiff Chhab with Twenty-Five Thousand Dollars ($25,000). This amount is in exchange for Plaintiff Chhab's release in Section 3.9(C).

(B)   The payment described in this section is related to Plaintiff Chhab's retaliation claims against Defendants.

(C)   Defendants agree not oppose such application.

**3.5   Distribution to Class Members.**

(A)   A FRCP 23 Class Member who submits a timely Claim Form and Release pursuant to Section 2.7(A) will be deemed eligible for a payment hereunder.

(B)   Each FRCP 23 Class individual allocation of the Settlement Fund ("Individual Settlement Allocation") is to be allocated for calculation purposes regardless of whether the class member opts-out, does nothing, or submits a timely Claim Form and Release. FRCP 23 Class Member's Individual Settlement Allocation is only to be distributed and paid to the Class Member in the event that he or she submits a timely Claim Form and Release. If the Court reduces or denies Plaintiffs' Service Payments, remaining Service Payment amounts will be allocated to FRCP 23 Class Members.

(C)   Twenty-Five Thousand Dollars ($25,000) will be set aside from the FRCP 23 Settlement Fund to cover errors and omissions, i.e. individuals who should have been included in the Class list or whose dates of employment were incorrect. The Claims Administrator shall add any unpaid amount of the Reserve Fund prior to making the first distribution of the settlement funds.

(D)   The Individual Settlement Allocation shall be determined by the Claims Administrator pursuant to the formulas set forth below:

*FRCP 23 Class Allocation*

(1)     FRCP 23 Class Members' allocation comes from the FRCP 23 Settlement Fund of One Million Twenty Thousand Dollars ($1,020,000).

(2)     FRCP 23 Class Members shall be allocated 4 points per week for every week worked as a Server and/or Bartender at the Capital Grille restaurants identified in Section 1.16 from November 17, 2005 through November 17, 2011,

(3)     FRCP 23 Class Members shall be allocated 1 point per week for every week worked as a Server and/or Bartender at the Capital Grille restaurants identified in Section 1.16 from November 18, 2011 through Preliminary Approval,

To calculate an FRCP 23 Class Member's Individual Settlement Allocation:

     i.     Add all points for FRCP 23 Class Members together to obtain the "Total Denominator;"

     ii.    Divide the number of points for each FRCP 23 Class Member by the Denominator to obtain each Class Member's "Portion of the FRCP 23 Settlement Fund."

     iii.   Multiply each Class Member's portion of the FRCP 23 Settlement Fund by the FRCP 23 Settlement Fund to determine each Class Member's "Settlement Award."

*FLSA Collective Allocation*

(1)     FLSA Collective Members' allocation comes from the FLSA Settlement Fund of Five Hundred Forty-One Thousand ($541,000). If a Rule 23 Class Member is also a FLSA collective member, that individual shall recover only from the FRCP 23 Settlement Fund. Should a Rule 23 Class Member who is also a FLSA collective member fail to submit a timely claim form, their payment shall be determined pursuant to paragraphs (2) and (3) below.

(2)     FLSA Collective Members shall be allocated 4 points per week for every week worked as a Server and/or Bartender at the Capital Grille from November 17, 2008 through November 17, 2011.

(3)     FLSA Collective Members shall be allocated 1 point per week for every week worked as a Server and/or Bartender at the Capital Grille from November 18, 2011 through Preliminary Approval.

To calculate an FLSA Collective Member's Individual Settlement Allocation:

    i.    Add all points for FLSA Collective Members together to obtain the "Total Denominator;"

    ii.    Divide the number of points for each FLSA Collective Member by the Denominator to obtain each Class Member's "Portion of the FLSA Settlement Fund."

    iii.    Multiply each Class Member's portion of the FLSA Settlement Fund by the FLSA Settlement Fund to determine each Class Member's "Settlement Award."

(E)    The difference in point allocation is to address changes in policies and procedures at the Capital Grille.

(F)    The calculation of all work weeks pursuant to this section shall be based on Defendants' business records. Class Counsel's and the Claims Administrator's calculations regarding Qualified FRCP 23 Class and FLSA Collective Members' proportionate shares of the Net Settlement Fund, made consistent with Section 3.5(D), will be final and binding.

(G)    The Claims Administrator shall mail to all FRCP 23 Class Claimants who submit a timely Claim Form and Release and all FLSA Collective Members their Individual Settlement Allocation within fifteen (15) days of the Effective Date. The Claims Administrator shall use reasonable efforts to make an additional mailing to Class Claimants whose checks are returned because of incorrect addresses. Such efforts shall include using social security numbers to obtain better address information.

(H)    Defendants and the Claims Administrator shall exchange such information as is necessary for the Claims Administrator to make proper tax withholdings and comply with all tax reporting obligations

(I)    If payments to FRCP 23 Class Claimants and FLSA Collective Members as described in this Section are not cashed within one hundred eighty (180) days of the date of the checks, the checks will be null and void and the Claims Administrator shall put a stop payment on all checks not yet deposited. Any and all money remaining in the Escrow Account more than three hundred sixty-five (365) days after the Claim Bar Date, shall be immediately returned to Defendants via return wire transfer to the account from which the Escrow Account was funded. The Claims Administrator shall issue a report to the Parties informing them of any un-cashed checks ninety (90) days after the Claim Bar Date.

(E)    All payments to FRCP 23 Class Claimants and FLSA Collective Members made pursuant to this Agreement shall be deemed to be paid to such solely

14

in the year in which such payments actually are received by the FRCP 23 Class Claimants and FLSA Collective Members.

(F)     In the event the Claims Administrator believes this Agreement is vague in any way concerning notice or allocation of payment, the Claims Administrator shall seek clarification from counsel for <u>both</u> parties, who shall confer and jointly direct the Claims Administrator.

**3.6     Taxability of Settlement Payments.**

(A)     Fifty percent (50%) of the payments from the Net Settlement Fund pursuant to Section 3.4 shall be treated as back wages and fifty percent (50%) of the payments from the Net Settlement Fund pursuant to Section 3.4 shall be treated as non-wage liquidated damages, penalties, and prejudgment interest.

(B)     Payments treated as back wages pursuant to Section 3.6(A) shall be taxed at the FRCP 23 Class and/or FLSA Collective Member's applicable salary rate (not the bonus rate) and made net of all applicable employment taxes, including, without limitation, federal, state, and local income tax withholding, arrears, garnishments, and the employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and social security number on an IRS Form W-2.

(C)     Payments treated as liquidated damages, penalties, and prejudgment interest pursuant to Section 3.6(A) shall be made without withholding and shall be reported to the IRS and the payee, to the extent required by law, under the payee's name and social security or Tax Payer Identification number on an IRS Form 1099.

(D)     Payments of attorneys' fees and costs pursuant to Section 3.2(A) shall be made without withholding.  Class Counsel will <u>receive</u> a Form 1099 for this payment.

(E)     Service Payments to Plaintiffs pursuant to Section 3.4(A) shall not be deemed to be wages and will be made without withholding and reported to the IRS and the payee under the payee's name and social security number on an IRS Form 1099.

(F)     Payment to Ahmed Chhab pursuant to Section 3.4 will be treated as follows: Fifty percent (50%) shall be treated as back wages and taxed pursuant to Section 3.5(B) of this agreement. Fifty percent (50%) shall be treated as pain and suffering and shall be made without withholding and shall be reported to the IRS and the payee, to the extent required by law, under the payee's name and social security or Tax Payer Identification number on an IRS Form 1099.

(G)    Defendants shall be responsible for any and all applicable employer tax contributions associated with wage payments, including but not limited to Defendants' share of the FICA tax and any federal and state unemployment tax due, with respect to the amounts treated as wages pursuant to Section 3.6(A). Any such payroll taxes ordinarily borne by the employer shall be paid by Defendants in addition to the Settlement Payment, and shall not be paid out of the Settlement Payment. The employee portion of all applicable payroll taxes shall not be Defendants' responsibility. Any tax responsibility for the non-wage portions of the payments under this Agreement shall not be Defendants' responsibility.

(H)    FRCP 23 Class and FLSA Collective Members acknowledge and agree that they are solely responsible for all taxes, interest, and penalties due with respect to any payment received pursuant to this Agreement (other than the portion of employer taxes specified in Section 3.6(G)). FRCP 23 Class and FLSA Collective Members acknowledge and agree that they have not relied upon any advice from Defendants as to the taxability of the payments received pursuant to this Agreement, but are relying on their own judgment and advice of their own counsel in this matter.

3.7   It is Defendants' intention that all payments provided under this Agreement are excepted from or comply with Section 409A of the Internal Revenue Code of 1986, as amended, (the "Code") as amounts paid as bona fide legal settlements under Treasury Regulation Section 1.409A-1(b)(11), and this Agreement shall be interpreted, administered and operated accordingly. Notwithstanding anything to the contrary herein, Defendants do not guarantee the tax treatment of any payments or benefits under this Agreement, including without limitation under the Code, federal, state, local or foreign tax laws and regulations.

3.8   **Release.**

(A)    **Release of FRCP 23 Class Member Claims.**

(1) By operation of the entry of the Final Judgment and Order, each FRCP 23 Class Member who does not timely opt-out shall be deemed to have released Defendants from all New York Labor Law wage and hour claims arising from their employment at the Capital Grille as a Server and/or Bartender that were, or could have been, brought in the action entitled *Chhab et al. v. Darden Restaurants, Inc., et al.,* No. 11 Civ. 8345, as well as interest, liquidated damages, attorneys' fees, and costs with respect to such claims through Preliminary Approval. For the avoidance of doubt, FRCP 23 Class Members release all NYLL wage-and-hour claims against Defendants and any past, present, or future related entities in connection to their employment as a Server and/or Bartender at the Capital Grille as a part of this settlement.

(B)     **Release of FLSA Collective Member Claims.**

(2)     All FLSA Collective Members who deposit their settlement checks fully release and discharge Defendants from all minimum wage and overtime claims under the FLSA pled by Plaintiffs in the civil action entitled *Chhab et al. v. Darden Restaurants, Inc., et al.,* No. 11 Civ. 8345, through Preliminary Approval. Consequently, if an FLSA Collective Member does not endorse their settlement check within one hundred eighty (180) those individuals will not release any claims against Defendants. For the avoidance of doubt, FLSA Collective Members release all wage-and-hour claims against Defendants and any past, present, or future related entities in connection with their employment as a Server and/or Bartender at the Capital Grille as a part of this settlement.

(3)     Settlement Check Release Language. The Notice mailed to FLSA Class Members will inform them that all claims under the FLSA plead by Plaintiffs for minimum wage and overtime pay will be deemed released upon deposit of the settlement check.

(4)     FLSA Collective Members shall be issued checks with the following language:

> By endorsing, depositing, cashing, or negotiating this check, I consent to join the collective action, *Ahmed Chhab, et al. v. Darden Restaurants, Inc., GMRI, Inc., Capital Grille Holdings, Inc. d/b/a The Capital Grille, and RARE Hospitality International, Inc.*, Civil Action No.: 11 CV 8345 (NRB), and release Defendants from minimum wage and overtime claims under the Fair Labor Standards Act, as described in the Joint Stipulation of Settlement and Release in the Litigation.

(C)     **Further Release by Plaintiff Ahmed Chhab.** As of the date this Agreement is signed by Plaintiff Chhab, in exchange for Twenty-Five Thousand Dollars ($25,000), Plaintiff Chhab only, hereby release and forever discharges Defendants from all debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits, actions, causes of action, judgments, damages, expenses, claims or demands, in law or in equity, which Plaintiff Chhab ever had regarding his employment with the Defendants at the Capital Grille, any contract (express or implied), any claim for equitable relief or recovery of punitive, compensatory, or other damages or monies (including claims as to taxes), attorneys' fees, any tort, and all claims for alleged discrimination based upon age, race, color, sex, sexual orientation, marital status, religion, national origin, handicap, disability, genetic information or retaliation, including any claim, under Title VII of the Civil Rights Act of 1964; the

17

Equal Pay Act of 1963; the Age Discrimination in Employment Act of 1967; the Older Workers Benefit Protection Act of 1990; the Americans With Disabilities Act of 1990; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Genetic Information Nondiscrimination Act of 2008; the Family and Medical Leave Act of 1993; the Employee Retirement Income Security Act of 1974; the Civil Rights Act of 1991; the Worker Adjustment and Retraining Notification ("WARN") Act of 1988; the New York State WARN Act; the New York State Human Rights Law; the New York City Human Rights Law; the New York State Labor Law; and any other federal, state or local laws, rules or regulations, whether equal employment opportunity laws, rules or regulations or otherwise, or any right under any Defendants' pension, welfare, or stock plans from the beginning of time until the date this agreement is signed by Plaintiff Chhab.

(D)  *No Reemployment.* Plaintiff Chhab permanently, unequivocally, and unconditionally waives any and all rights he may now have, may have had in the past, or may have in the future to obtain or resume alleged employment with GMRI, Inc., including any parents, subsidiaries, affiliates, successors, and other related entities, including through a third party (*e.g.*, staffing agency). Plaintiff Chhab agrees never to apply for employment with said entities. In the event that Plaintiff Chhab is ever mistakenly employed by said entities, he agrees to have his employment terminated with no resulting claim or cause of action against said entities. Plaintiff Chhab acknowledges and agrees that he has no right to employment or reemployment with said entities and that they may legally refuse to employ him.

(E)  *Release of Fees and Costs for Settled Matters.* Class Counsel and Plaintiffs, on behalf of the Class and each individual Class Member, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Defendants for attorneys' fees or costs associated with Class Counsels' representation of Plaintiffs and the FRCP 23 and FLSA Collective. Class Counsel further understand and agree that any fee payments approved by the Court will be the full, final and complete payment of all attorneys' fees and costs associated with Class Counsel's representation of these individuals arising from their employment at the Capital Grille. However, a Plaintiff who opts out of the settlement agreement, or an FLSA Collective Member who does not deposit his or her settlement check, does not release any claims against Defendants.

(C)  *No Assignment.* Class Counsel and Plaintiffs, on behalf of the Class and each individual Class Member, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

(D)     *Non-Admission of Liability.*   By entering into this Agreement, Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs, FLSA Collective Members and/or the FRCP 23 Class, individually or collectively, all such liability being expressly denied. Likewise, by entering into this Agreement, Defendants in no way admit to the suitability of this case for class or collective action litigation other than for purposes of settlement.   Rather, Defendants enter into this Agreement to avoid further protracted litigation and to resolve and settle all disputes with Plaintiffs, FLSA Collective Members, and the FRCP 23 Class. Settlement of the Litigation, negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of this Agreement or the settlement: (a) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendants or of the truth of any of the factual allegations in any and all Complaints filed in the Litigation; (b) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendants in any civil, criminal, administrative or arbitral proceeding; and (c) are not, shall not be deemed to be, and may not be used as an admission or evidence of the appropriateness of these or similar claims for class certification or administration or collective action treatment other than for purposes of administering this Agreement.   The Parties understand and agree that this Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of the Agreement.

**3.9    Miscellaneous.**

(A)     *CAFA.*   Defendants will provide and issue any notices required by the Class Action Fairness Act.

(B)     *Cooperation Between the Parties; Further Acts.*   Each of the Parties, upon the request of any other party, at its own cost and expense, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

(C)     *Entire Agreement.*   This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.   This Agreement may not be modified in any way without the written consent of the parties hereto.

(D)     *Binding Effect.*   This Agreement shall be binding upon the Parties and, with respect to Plaintiffs, FLSA Collective Members, and the FRCP 23 Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys, and assigns.

(E) *Arms' Length Transaction; Materiality of Terms.* The Parties have negotiated all the terms and conditions of this Agreement at arm's length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

(F) *Captions.* The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

(G) *Construction.* The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

(H) *Blue Penciling.* Following the Effective Date, if any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful, or unenforceable, the remaining portions of this Agreement will remain in full force and effect.

(I) *Governing Law.* This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

(J) *Continuing Jurisdiction.* The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby. The Court shall not have jurisdiction to modify the terms of the Agreement or to increase Defendants' payment obligations hereunder.

(K) *Waivers, etc. to Be in Writing.* No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon

the specific performance of any and all of the provisions of this Agreement.

(L)   *When Agreement Becomes Effective; Counterparts.*   This Agreement shall become effective upon its execution.   The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Plaintiffs and Defendants had signed the same instrument.

(M)   *Facsimile/Electronic Signatures.*   Any party may execute this Agreement by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other party.   Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

DATED: _____, 2016                    Darden Restaurants, Inc.

                                          By: _____

                                          Its: _____

DATED: _____, 2016                    GMRI, Inc.

                                          By: _____

                                          Its: _____

DATED: _____, 2016                    Capital Grille Holdings, Inc.

                                          By: _____

                                          Its: _____

DATED: _____, 2016                    RARE Hospitality International, LLC

                                          By: _____

                                          Its: _____

DATED: _____, 2016                    Ahmed Chhab

                                          _____

DATED: _____, 2016                    Katherine Shrader

                                          _____

DATED: _____, 2016                    Lance Feldhun

                                          _____

DATED: _____, 2016        Micheal Rella

                                  _____

DATED: _____, 2016        Vincent Anthony Boreland

                                  _____

DATED: _____, 2016        Adrianne Benzion

                                  _____

DATED: _____, 2016                Darden Restaurants, Inc.

                                      By: _____

                                      Its: Asst. Secretary


DATED: _____, 2016                GMRI, Inc.

                                      By: _____

                                      Its: Asst secretary


DATED: _____, 2016                Capital Grille Holdings, Inc.

                                      By: _____

                                      Its: Asst. Secretary


DATED: _____, 2016                RARE Hospitality International, LLC

                                      By: _____

                                      Its: Asst Secretary


DATED: _____, 2016                Ahmed Chhab

                                      _____


DATED: _____, 2016                Katherine Shrader

                                      _____


DATED: _____, 2016                Lance Feldhun

                                      Lance E Feldhun
                                      Lance E Feldhun (Feb 3, 2016)
                                      _____

22

DATED: _____, 2016  Micheal Rella

             Michael Rella _____


DATED: _____, 2016  Vincent Anthony Boreland

             _____


DATED: _____, 2016  Adrianne Benzion

             _____

DATED: _____, 2016                     Micheal Rella

                                           _____

DATED: _____, 2016                     Vincent Anthony Boreland
                                           *Vincent Anthony Boreland*
                                           Vincent Anthony Boreland (Feb 4, 2016)
                                           _____

DATED: _____, 2016                     Adrianne Benzion

                                           _____

23

DATED: _____, 2016             Micheal Rella

                                   _____

DATED: _____, 2016             Vincent Anthony Boreland

                                   _____

DATED: _____, 2016             Adrianne Benzion

                                   _____
                                   Adrianne Benzion (Feb 4, 2016)

DATED: _____, 2016

Darden Restaurants, Inc.

By: _____

Its: asst. Secretary

DATED: _____, 2016

GMRI, Inc.

By: _____

Its: asst secretary

DATED: _____, 2016

Capital Grille Holdings, Inc.

By: _____

Its: asst. Secretary

DATED: _____, 2016

RARE Hospitality International, LLC

By: _____

Its: asst Secretary

DATED: _____, 2016

Ahmed Chhab

Ahmed Chhab
Ahmed Chhab (Feb 4, 2016)

DATED: 2/4, 2016

Katherine Shrader

_____

DATED: _____, 2016

Lance Feldhun

_____

22