USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/15/16

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

AHMED CHHAB, KATHRYN SHRADER, LANCE FELDHUN, MICHAEL RELLA, VINCENT ANTHONY BORELAND, and ADRIANNE BENZION on behalf of themselves and all others similarly situated,

Plaintiffs,

-against-

DARDEN RESTAURANTS, INC., GMRI, INC., CAPITAL GRILLE HOLDINGS, INC. d/b/a THE CAPITAL GRILLE, and RARE HOSPITALITY INTERNATIONAL, INC.,

Defendants.

11 Civ. 8345 (NRB)

## [PROPOSED] FINAL JUDGMENT AND ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Having considered Plaintiffs' Motion for Final Approval of Class Action Settlement, the supporting memorandum of law and the Declaration of D. Maimon Kirschenbaum, the Declaration of Joseph A. Fitapelli and exhibits thereto, the oral arguments presented at the December 15, 2016 Fairness Hearing; and the complete record in this matter, for the reasons set forth therein and stated on the record at the Fairness Hearing and for good cause shown,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED, THAT:**

1. This Order incorporates by reference the definitions in the parties' Settlement Agreement and Release (the "Settlement Agreement") dated February 5, 2016.

2. This Court approves the settlement and all terms set forth in the Settlement Agreement and finds that the settlement is, in all respects, fair, reasonable, adequate, and not a product of collusion. *See* Fed. R. Civ. P. 23(e); *Sukhnandan v. Royal Health Care of Long Island*

1

*LLC*, No. 12 Civ. 4216 (RLE), 2014 WL 3778173, at *4 (S.D.N.Y. July 31, 2014).

3. The Court certifies the following class under Fed. R. Civ. P. 23(e) (the "Class") for settlement purposes:

> Servers and bartenders employed at the Capital Grille Restaurants located at: 155 East 42nd Street, New York, New York, 10017, 120 West 51st Street, New York, New York 10020; 120 Broadway, New York, New York 10271; from November 17, 2005 through September 29, 2015.

4. For the purposes of settlement, the Court finds that the Class meets the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3).

5. The Court finds, for settlement purposes only, that the FLSA Collective, as defined in the Settlement Agreement, satisfies the requirements to be maintainable as a settlement collective action under 29 U.S.C. § 216(b), and that those members who are FLSA Collective Members, as that term is used in the Settlement Agreement, constitute the Final FLSA Settlement.

6. In addition, Plaintiffs' counsel meets the adequacy requirement of Rule 23(a)(4) and the Court certifies Plaintiffs' counsel as Class Counsel, and the named Plaintiffs as Class Representatives.

7. The Court finds reasonable the service awards for the Named Plaintiffs in the amounts of $10,000 to Ahmed Chhab, $10,000 to Kathryn Shrader, $10,000 to Lance Feldhun, $8,000 to Michael Rella, $5,000 to Vincent Anthony Boreland, and $7,000 to Adrianne Benzion in recognition of the services they rendered on behalf of the Class. The amounts shall be paid from the settlement fund.

8. The Court grants Class Counsel's request for $25,000 to Ahmed Chhab as a settlement payment for retaliation claims alleged against Defendants as described in the

Settlement Agreement.

9. The Court grants Class Counsel's request for $687,869.36 and reimbursement of $61,791.43 in costs and expenses reasonably expended litigating and resolving the lawsuit. The fee award is justified by the work that Class Counsel did negotiating the settlement and conducting the litigation, the ultimate recovery, and the risk that Class Counsel undertook in bringing the claims.

10. If no party seeks reconsideration or rehearing of this Order, the "Effective Date" of the settlement will be 30 days after the Order is entered.

11. If rehearing or reconsideration of this Order is sought, the "Effective Date" of the Settlement will be after any and all avenues of rehearing or reconsideration is permitted, and the time for seeking such review has expired, and the Judgment and rulings on service awards and attorneys' fees and reasonable costs have not been modified, amended or reversed in any way.

12. Within one (1) calendar day after the Effective Date, Defendants shall deposit the gross total Settlement Payment into the Qualified Settlement Fund.

13. Within ten (10) calendar days after the Effective Date, the Claims Administrator will disburse settlement checks to Class Members, FLSA Collective Members, Court-approved attorney's fees and costs, Court-approved service awards and payment for retaliation claims to Ahmed Chhab.

14. The Court will retain jurisdiction over the interpretation and implementation of the Settlement Agreement.

15. The parties shall abide by all terms of the Settlement Agreement.

It is so ORDERED this _15_ day of _December_, 2016.

_____
Hon. Naomi Reice Buchwald, United States District Judge